CASE 99—PETITION EQUITY—FEBRUARY 23.

## Hocker, &c., v. Pendleton, &c.

APPEAL FROM OHIO CIRCUIT COURT.

1. ELECTIONS—CONSTITUTIONAL LAW—INSUFFICIENT NUMBER OF BALLOTS.—Where an election was attempted to be held on the question of the sale of spirituous liquors, and out of a voting population of 175 there were 60 who were prevented from voting, because of the insufficient number of ballots furnished by the clerk, there was not a "free and equal" election within the meaning of section 6 of the Kentucky Constitution.

An election may be free from violence, and yet, if from the failure of the officers to supply ballots, booths, stencils, etc., any large proportion of the electors is prevented from voting, there is not a "free and equal" election.

J. S. GLENN FOR APPELLANTS.

1. The law directs that the clerk shall prepare as many ballots for each precinct as there were votes cast at the last preceding election, and fifty per cent. more. (Ky. Stats., sec. 1461.) And it stands admitted in the answer that the clerk did that in this instance.

2. The clerk's estimate was necessarily based upon the last preceding town election, and could not have been based upon any other because the town was the territory in which the vote was to be taken, and in a general election the town was part of two precincts which embraced other territory, and he had no way of telling how many of the votes cast at the general election were residents of the town.

Hocker, &c., v. Pendleton, &c.

3. There is no fraud or unfairness alleged or claimed in this case, and the fault seems to be wholly in the election law which was followed.

HEAVRIN & TAYLOR, GLENN & WEDDING and J. P. SANDIFER of counsel on same side.

E. D. GUFFY for appellees.
1. This action being to test the freedom, equality and validity of an election, the circuit court alone had jurisdiction. (Leman v. Hinton, 1 Duvall, 37.)
2. The clerk failed to furnish the number of ballots required by section 1461, Kentucky Statutes, or even as many in each precinct as there were votes cast therein at the preceding election, thereby disfranchising numerous voters in each precinct, and preventing the election from being "free and equal," within the meaning of the Constitution.

JUDGE HAZELRIGG delivered the opinion of the court.

The question whether or not an election has been "free and equal" in a constitutional sense (constitution, section 6) has usually arisen in cases where by force, intimidation or the like a considerable proportion of the electoracy has been deprived of the right of suffrage.

It is clear, however, that an election may be free from violence, and yet, if from a failure of the officers to supply ballots, booths, stencils, etc., any large proportion of the electors is prevented from voting, it can properly be said there has not been a free and equal election within the meaning of the constitution.

In this case there was an attempt to hold an election on the question of the sale of spirituous liquors in the town of Hartford. It is confessed that some 60 legally qualified voters, out of a voting population of less than 175 in the town, were prevented from voting solely

"because the ballots furnished by the clerk gave out by 9 o'clock on the morning of the election."

The court below properly refused to uphold this attempted election as valid, and the judgment is, therefore, affirmed.