Hollon v. Center, etc.

cause remanded for further proceedings consistent with this opinion.

CASE 20—PETITION ORDINARY—OCTOBER 27.

# Hollon v. Center, Etc.

### APPEAL FROM CLARK CIRCUIT COURT.

1. ELECTIONS—CERTIFICATES OF NOMINATION—COUNTY CLERK'S DUTIES—STATUTORY CONSTRUCTION.—Under the provisions of sec. 1453 of the Kentucky Statutes, being part of the election law, that the county clerk shall cause to be printed on the ballots the names of candidates nominated by convention or primary elections, as certified to him, and that "the certificate of nomination by a convention or primary election shall be in writing and shall contain the names of each person nominated, his residence and the office for which he is nominated," and that "such certificate shall be signed by the presiding officer and secretary of such convention or by the chairman and secretary of the county, state or district committee, who shall add to their signatures their respective places of residence and acknowledge the same before an officer duly authorized to administer oaths," if the clerk knows that the person signing the certificate as chairman and secretary of the committee are in fact such, in the absence of any contest or dispute, he should give full credit to the certificate although it is not acknowledged; and it is his duty to place upon the ballot the name of the person certified although the certificate does not state the residence of such person, or the residence of the officer signing the certificate, unless he demands other proof of the facts required to be stated in the certificate. Those provisions of the statute are merely directory and not mandatory.

2. SAME.—One who files a certificate of nomination less than fifteen days before the election is not entitled to have his name printed on the ballot, that requirement of the statute being mandatory; but the requirement of the statute that a certificate of nomination shall be filed not more than sixty days before the election, is only directory, and the nominee who files it sooner forfeits no right.

B. R. JOUETT AND BECKNER & JOUETT FOR APPELLANT.

1. All provisions of the statute are mandatory upon the persons who are intrusted with their execution and such officers are liable for their violation. McCreary on Elections, p. 127; Bowers v. Smith (Mo.), 33 Am. State Reps., 501; State *ex rel.*, Brooks v. Franscham (Mont.) 40 Pacific Rep., 1.

2. Under the statute it is a condition precedent of the right of a nominee to have his name printed upon the official ballot that he shall file with the county clerk a certificate stating certain designated facts and solemnly acknowledged before an officer authorized to administer oaths. To say that a clerk may dispense with any of these essential requirements and may seek and act upon information acquired by him outside of the statements in the certificate, would be to leave all questions of contested nominations and as to whose names should be printed upon the official ballot to the clerk. Cress v. Commonwealth, 18 Ky. Law Rep., 633; Jones, County Clerk, v. Wilshire, 17 Ky. Law Rep., 990; Southall v. Griffith, 100 Ky., 91.

3. The provision of this statute, requiring the filing of a certificate of nomination at least fifteen days before the election, is mandatory. *In re.* Ewing & White, 3 Penn. District Reps., 477; Lucas v. Ringsrud, 3 S. D., 355; Price v. Lush, 9 Law Rep. An., 468.

4. In mandamus proceeding no question of equity can arise; it is purely a question of plaintiff's legal right and defendant's legal duty. Board of Police v. Grant, 47 Am. Dec., 104; M. & O. R. R. Co. v. The People, 22 Am. State Reps., 561 (Ill.); Swift v. Richardson (Del.), 40 Am. State Reps., 133.

J. M. BENTON FOR APPELLEES.

1. The provisions of the statute in question are purely directory and the appellant by his demurrer confesses that he has, and has had for more than a year before the bringing of this suit, all the knowledge which the strictest compliance by the appellees with the provisions of sec. 1453 would have given him. Under such circumstances the statute is merely directory and not mandatory. McCreary on Elections, sec. 190; Parvin v. Wienberg, 30 Am. State Reps., 254; Cooley on Constitutional Limitations, p. 77; Bowers v. Smith, 33 Am. State Reps., 491; Anderson v. Winfree, 85 Ky.; Varney v. Justice, 86 Ky.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, alleging in their petition that at a primary election, held September 19, 1896, under authority of the

executive committee of the Democratic party of Wolfe county, they were nominated as candidates for various named offices, brought this action in the Clark Circuit Court October 22, 1897, for a writ of mandamus, requiring appellant, county court clerk, to cause printed on the official ballots to be prepared by him and used in said county at the November election, 1897, their respective names as candidates for said offices, as follows: G. T. Center, for county judge; J. F. Vansant, circuit court clerk; Silas Tutt, county court clerk; A. T. Combs, sheriff; Isaac W. Combs, jailer; G. W. Sally, assessor; John W. Taubee, superintendent of common schools; J. W. Sample, coroner; John Creech, surveyor; John D. Row, Jr., justice of the peace; Preston Holland, justice of the peace; Peter R. Legg, justice of the peace; J. W. Drake, constable; Sylvester Norman, constable; James W. Rose, constable.

On the same day, October 22, 1897, appellant entered his appearance, waiving service of notice. And thereupon parties consenting, the case was submitted for trial by Leland Hathaway, special judge. Appellant then filed a general demurrer to the petition, which was overruled; and, there being tendered by him no other pleading, judgment was rendered for the writ of mandamus as prayed for by appellees. And an appeal from that judgment having been granted, and the parties uniting in a motion to immediately docket and submit the case, it is now before this court for decision.

The sections of Kentucky Statutes applicable, and upon construction of which determination of the questions involved depends, are as follows:

"Section 1453. The county clerk of each county shall cause

to be printed on the respective ballots the names of the candidates nominated by the convention or primary election of any party that cast two per cent. of the total vote of the State at the last preceding general election, as certified to said clerk by the presiding officer and secretary of such convention, or, in case of primary election, by the chairman and secretary of any county or district committee. * * * The certificate of nomination by a convention or primary election shall be in writing, and shall contain the name of each person nominated, his residence and the office for which he is nominated, and shall designate a title for the party or principle which such convention or primary election represents, together with any simple figure or device by which its list of candidates may be designated on the ballots; said certificate shall be signed by the presiding officer and secretary of such convention, or by the chairman and secretary of the county, city or district committee, who shall add to their signatures their respective places of residence and acknowledge the same before an officer duly authorized to administer oaths. * * *

"Section 1456. * * * Certificates and petitions of nominations herein directed to be filed with the clerk of a county shall be filed not more than sixty and not less than fifteen days before the election."

Each of appellees filed with appellant, as clerk of the county court, a certificate, signed by G. C. Hanks, chairman, and attested by J. R. Carroll, secretary of the Democratic committee of Wolfe county, showing he had, at a primary election held in the various precincts, been duly elected Democratic nominee for the particular office therein men- .

tioned to be voted for at the November election, 1897, except James R. Ross and John Creech, neither of whom filed any. All the certificates were filed during the period prescribed by statute except one by G. W. Sally and another by J. F. Sample, filed October 19th, less than fifteen days, and one filed more than sixty days before the election. But not one of them contains a statement of the residence of either the nominee, chairman or secretary; nor was any of the certificates acknowledged by either the chairman or secretary before an officer authorized to administer oaths.

The question thus arises whether any of the defects or omissions referred to justified appellant in refusing, as he did, to cause the names of appellees printed on the ballots as candidates for the respective offices. He was not justified in so refusing if pertinent provisions of the two sections quoted be directory merely, and not mandatory.

It is sometimes difficult to fix the line of demarcation; but the rule by which to determine when a statute is only directory is well stated in Cooley on Constitutional Limitations, as follows: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the properly, orderly and prompt conduct of the business, and by a failure to obey which the right of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time nor in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purposes of the statute." And that rule has been uniformly, though not stated in that exact language, recognized and applied by this court.

The thing intended to be done by the two sections, in case of a party convention or a primary election, is the printing on the respective ballots the names of candidates of whose nomination the county court clerk has proper and satisfactory evidence. But the only mode provided for showing the fact is a certificate of the presiding officer and secretary of such convention, or, in case of a primary election, by the chairman and secretary of a county or district committee of the particular party. And that main and essential fact, in our opinion, was not intended by the Legislature to be shown in any other way; otherwise the plan adopted for properly placing before the electors candidates to be voted for would be rendered useless.

Such being the case, it would seem to follow, and ordinarily would follow, that the required certificate should be treated as authentic only when the chairman or presiding officer, as the case may be, and secretary have, according to the provision of the statute, added to their signatures their respective places of residence and acknowledged same before an officer duly authorized to administer oaths. And, in our opinion, such requirement could not be dispensed with in this case if either right of appellees to have their respective names put upon the ballots had been contested by others claiming to have been nominated instead of them, or the clerk had denied and demanded other proof of the facts required to be stated in the certificate. But statement is made in the petition which, on trial of the demurrer, is to be taken as true, that the persons who signed the several certificates were respectively chairman and secretary of the Democratic committee of Wolfe county; that it was within

actual and personal knowledge of appellant that appellees had been nominated at the primary election, duly held, as candidates for the several offices mentioned in the various certificates filed with him; and, moreover, that he did not refuse to put their names on the ballots because he was unaware of their regular nomination, but upon the sole ground the certificates did not conform to the formal requirement of the statutes. Therefore, as the two sections relate not to the vital and ultimate matter of securing fair and free election of officers by the voters at large, and of ascertaining the correct result thereof, but to the preliminary matter of ascertaining and determining who have been nominated or selected by various political parties as proper candidates, generally dependent upon persons unlearned of the law, we think the maxim should apply that what is alleged and admitted or not denied, should be taken as established. It thus results that, knowing the two persons assuming to be chairman and secretary of the county committee were in fact such, it was duty of the clerk, in the absence of contest or dispute by others, to give the same credit to the statements contained in the certificates as they would have been entitled to if the required acknowledgment had been made before the officer authorized to administer oaths. And so of course the residence in Wolfe county of appellees, which is only one of the qualifications for such offices prescribed by law, having been alleged and not denied, should be considered established.

But the two appellees who did not file any certificates at all were manifestly not entitled to have their names put upon the ballots. Nor, inasmuch as there are obvious and essen-

**126** KENTUCKY REPORTS. [Vol. 102

tial reasons for requiring the certificate of each nominee to be filed not less than fifteen days before the election, were the two, who failed to comply with that provision that we regard mandatory, so entitled. The same reason does not, however, apply to that one who filed his certificate more than sixty days before the election, because if it was actually in possession of the clerk not more than sixty nor less than fifteen days before the election it is not material where it may have been kept or lodged in the meantime.

For the reasons given the judgment or order for the mandamus must be reversed as to appellees, James R. Rose, John Creech, G. W. Sally and J. F. Sample, and affirmed as to all the others.