CASE 14.—MANDAMUS BY J. C. BRODIE AGAINST WILLIAM
F. HOOK TO COMPEL HIM TO PLACE HIS NAME
ON THE OFFICIAL BALLOT AS A CANDIDATE
FOR THE OFFICE OF CIRCUIT COURT CLERK.—
Oct. 28, 1909.

# Brodie v. Hook.

Appeal from Breckinridge Circuit Court.

WEED S. CHELF, Circiut Judge.

Writ denied and plaintiff appeals—Affirmed.

1.  Elections—Nominations—Time for Filing Certificate.—Ky. St.
Sec. 1456, requiring certificates and petitions of nomination
to be filed with the clerk of the county not more than 60 and
not less than 15 days before election, is mandatory, and the
clerk has no right to place the name of a candidate upon the
ballot, the certificate for which has been filed within 15 days
of the date of election.

2.  Mandamus—Sufficiency of petition.—A petition for mandamus
to the county clerk to compel him to place petitioner's name
on the official ballot alleged that petitioner's name was omit-
ted by mistake from the original certificate of nomination,
and that another certificate was prepared in which petition-
er's name was inserted; that the clerk refused to place pe-
titioner's name on the ballot; that the clerk discovered the
omission of petitioner's name from the first certificate, and
took it from the box where he kept such certificates, and put
it in a different box where it was not likely to be found; that
he did this to conceal the omission from petitioner.  Held not
sufficient to justify mandamus, the time having elapsed within
which under Ky. St. Sec. 1456 (Russell's St. Sec. 4015), cer-
tificates should be filed before the amended certificate was
filed, as the petition does not allege that the act of the clerk
concealed from him the omission of his name from the origi-
nal certificate, or that petitioner was prevented from seeing
the certificate by reason of the change, or that he ever called

Brodie v. Hook.

on the clerk to produce it, and was refused, or that the re-
moval of the certificate from one box to the other was in any
way hurtful to him.

W. H. HOLT, A. R. KINCHELOE and JOHN P. HASWELL for
appellant.

### AUTHORITIES.

26 Ky. Law Rep. 487, Mason v. Bryley; 113 Ky. Rep. 785, Denny
v. Bosworth; 83 S. W. 154, Bennett, v. Richards per Justice Nunn;
Combs case, 27 Ky. Law Rep. 753-756; 120 Ky. Rep. 378; Mc-
Creary on Elections (Third Edition) (Sections 190-194).

### ADDENDA.

This case, in its facts, reaches beyond the Hallon case. No
question of fraud or mistake was raised in it.

The Legislature did not mean or intend to make the statute as
to the time of filing the certificate mandatory as against fraud or
mistake. It did not intend to shield a fraud or bar relief in case
of an honest mistake. Suppose a case of fraud without the county
court clerk being implicated—suppose by fraud the names proper
to a certificate were erased and the clerk therefore refused to put
the name of the candidate, fairly and honestly nominated, upon
the ballot—would not a court of equity compel it?

It is fair to presume that the appellant has been at much labor
and expense in prosecuting his canvass, and is it right to keep
him off the ballot, although fairly nominated?

The legislative object in fixing a limit of time to file certificates
was to give the clerk time to have the ballots printed; and this
does not prevent the courts from affording relief in a case of
mistake or omission; and especially when the ballots have not
yet been printed.

The facts admitted by the appellee fully support the appellant's
contention. No objection was entered of record to the appellant's
motion for a mandatory injunction, and common fairness would
dictate that it ought not to be objected to by anyone. There was
no neglect on his part; as soon as he discovered the mistake and
oversight an amendment was filed.

MERCER & MERCER and MURRAY & MURRAY for appellee.

We submit that the court will affirm the judgment of the
lower court, and we presume that much will be said as to the
office of the chancellor, and that it is his province to correct mis-
takes and right wrongs arising from fraud, but the chancellor is
absolutely controlled by any constitutional mandatory law that
the law making power may enact.

Brodie v. Hook.

The appellant must suffer the consequences of the error of his legal representatives, who were the chairman and secretary of the nominating convention, who failed to notify appellee within the time limit of appellant's nomination as required by law.

### AUTHORITIES CITED.

Ky. Statutes, Sec. 1456; Hallon v. Center, 102 Ky. 109; Parrish v. Powers, 32 Ky. Law Rep. 125; Commonwealth v. Combs, 120 Ky. 368; Cyc. Vol. 15, page 338.

OPINION OF THE COURT  BY CHIEF  JUSTICE NUNN—Affirming.

In the month of August, 1909, the Republicans of Breckinridge county held a convention to nominate candidates for the various offices of the county to be voted for at the election to be held November 2, 1909. The chairman and secretary prepared and signed a certificate showing the persons nominated for the respective offices, in due form, and same was filed with the county court clerk of that county within the time prescribed by the statutes, but it failed to be stated in the certificate who was nominated, if any one, for the office of circuit court clerk. Matters stood thus until October 19, 1909, at which time the same chairman and secretary prepared another certificate reciting the nominees of the August convention, in which they inserted the name of appellant as the nominee for the office of circuit court clerk but the county court clerk refused to regard it and place appellant's name upon the ballots. Appellant then instituted this action for a mandamus requiring him to place his name upon them. The facts above stated were alleged in the petition, and also that his name was left out of the first certificate by oversight of the chairman and secretary. He also averred that the county court clerk discovered the omission of his name from the first

certificate and charged that he then took the certificate from the box where he kept all such certificates, and put it in a different box where it was not likely to be found, and that this was done to conceal the same from appellant. While we must concede this allegation as true, the case having gone off on demurrer, it is justice to the clerk to say that he denied it.

We have a case before us in which it is conceded that the certificate declaring appellant's nomination was filed within 15 days next before the election to be held November 2, 1909, with a bare pretense that his failure to file it 15 days before the election was caused by the clerk changing the first certificate, which did not contain his name, from its place of deposit to another box in his office. He did not allege that he made any effort to see the certificate or request anyone to examine it for him, or that anyone was prevented from examining the certificate by reason of any act of the clerk, or that the clerk at any time failed to produce the certificate when called upon for it; nor is there any allegation in the petition that the removal of the certificate from its original place of deposit to another was in any way hurtful to appellant. It is provided by section 1456, Ky. St. that: ''Certificates and petitions of nomination herein directed to be filed with the clerk of the county shall be filed not more than sixty and not less than fifteen days before election.'' If this language is mandatory, the clerk had no right to place appellant's name upon the ballots to be voted at the election to be held November 2, 1909; but, if the statute is merely directory, he had the right to put it on. In 15 Cyc. 338, it is said: ''Statutory provisions in regard to the time of filing certificates of nomination are mandatory, and a certificate offered after the time limited is properly re-

jected''—and in support of the rule are cited cases from California, Kansas, New York, and Ohio, but cite none holding the contrary.

In the case of Griffin v. Dingley, 114 Cal. 481, 46 Pac. 457, the court held the statute of that state in regard to filing certificates of nominations to be mandatory. The statutes of that state declare that the certificate should be filed not less than 30 days before the day of the election. The court in that case said: ''To hold that it (the certificate) could be filed 28 days before the day of election would be in manifest disregard of the provisions of the statute.'' In that case the candidate offered his certificate of nomination 28 days before the election, when the statute said ''it shall be filed not less than thirty days before the election.'' In the case of Hollon v. Center, etc., 102 Ky. 119, 43 S. W. 174, 19 Ky. Law Rep. 1134, this court construed our statute above quoted. In that case Center and others, who were candidates for the county offices in Wolfe county, sued Hollon, the county court clerk, to mandamus him to place their names upon the ballots. The lower court granted the writ and Hollon appealed. All the candidates filed with the clerk certificates of their nomination, except James R. Ross and John Creech. All the certificates were filed within the period prescribed by the statute, except G. W. Sally's and J. F. Sample's, which were not offered until the 19th day of October, less than 15 days before the election, exactly what was done in the case at bar with reference to appellant's certificate. The certificates of the other candidates filed were defective, in that they did not state the place of residence of the candidates nor of the chairman and secretary of the convention; nor did the chairman and secretary acknowledge the same before an officer au-

thorized to administer an oath.  The court in that case decided that these defects in  the  certificates could be supplied by other evidence or by the clerk, if he had personal knowledge of the facts omitted in the certificates, that the statute, in respect to the defects named, was merely directory,  and not mandatory; but with reference to the  certificates of Sally and Sample, which were filed October 19th, less than 15 days before the election, the court determined that the statute was mandatory, and that the certificates were inoperative because the statute required that such certificates be filed not less than 15 days before the. day of the election, and reversed the case as to these appellees and also as to the two  parties who failed to file any certificates.  Bouvier's Law Dictionary defines the word ''mandatory'' as follows: ''In the construction of statutes, this word is applied to such as require to be obeyed, under penalty of having proceedings under them declared void.  Directory statutes must be obeyed, but, if not, do not invalidate the act.''

In view of these authorities,  and  it seems that there are none to the contrary, we are of the opinion that appellee was correct in refusing to print appellant's name on the ballots to be voted at the election to be held November 2, 1909.  We are of the opinion that the General Assembly enacted this mandatory provision requiring the certificates and petitions of nomination to be filed not less than fifteen days before the election, so as to give the clerk that much time to prepare and have the ballots printed and distributed among the polling places in the county before the day of the election, and without being annoyed by litigation by some one attempting to get some name on or off the ballotts, and without being importuned by

Brodie v. Hook.

candidates and their friends for that purpose.   The statute makes it obligatory upon all persons who desire to be candidates at an election to see to it that their certificates of nomination, or the necessary papers entitling them to have their names placed on the ballots to be voted, are filed not less than fifteen days before the election.   If they neglect to do this, they must suffer the loss.   Of course, the rule would be otherwise if the   clerk   fraudulently   or   otherwise wrongfully prevented the filing of the certificate or petition within the time required by the statute.   It is true that appellant alleged that the clerk changed the first certificate from one box to another for the purpose of concealing it from him, but it is not alleged that it was concealed from him, or that he was prevented from seeing it by reason of the change, or that he ever called on the clerk to produce it and was refused, or that he had anyone else to do so with a like result, or that he ever looked into the box where such certificates were usually kept and failed to find it; nor does he allege that the removal of the certicate from one box to another was in any way hurtful to him

For these reasons, the judgment of the lower court must be affirmed.

BARKER and O'REAR, JJ., dissent.