## Dobbs v. Crecelius, et al.

(Decided October 12, 1915.)

### Appeal from Franklin Circuit Court.

1. Elections—Filing Certificate of Nomination—Computation of Time.—Under a statute requiring a candidate to file his certificate of nomination with the Secretary of State not less than thirty days next before the day on which the general election is held, the day of the election itself is not to be counted as one of the thirty days.

2. Elections—Filing Certificate of Nomination.—Such a requirement in a statute is mandatory and not merely directory.

O. B. BERTRAM .for plaintiff.

JAMES GARNETT, Attorney General, for defendant.

OPINION BY JUDGE TURNER—Overruling motion to dissolve injunction.

This is a motion made before me by the defendant, C. F. Crecelius, Secretary of State, to dissolve an injunction prohibiting him from certifying the name of W. C.

Allen as Republican nominee in the Thirty-sixth Legislative District of this State composed of the counties of Clinton and Wayne.

In the primary election held on the 7th of August, 1915, S. C. Dobbs was nominated by the Democrats for Representative in that district and W. C. Allen by the Republicans, and they each received their certificates of nomination. On the 28th of September, 1915, Dobbs filed with the Secretary of State his certificate of nomination; on the 4th day of October, 1915, Allen filed with the same official his certificate of nomination.

This is an action by Dobbs against the Secretary of State and Allen seeking to enjoin the Secretary of State from certifying to the county clerks of Clinton and Wayne Counties the name of W. C. Allen as the Republican nominee for that office, and thereby authorizing the said county clerks to have his name printed on the official ballots to be used at the election on November 2nd, 1915.

Only two questions are presented, (1) did Allen file his certificate of nomination with the Secretary of State within the time prescribed by law? and, (2) is the statute requiring the same to be filed not less than thirty days next before the day of the election mandatory, or is it merely directory, and has the Secretary of State the right, after the expiration of the time prescribed by statute, to receive and file in his office a certificate of nomination?

The primary election law, Section 1550, Carroll's 1915 Edition, Kentucky Statutes, Sub-section 26, after fixing the day upon which the county election commissioners shall meet and canvass the returns, and after providing which returns shall be made to the county clerk, and which returns shall be made to the Secretary of State, then fixes the day upon which the State Board of Election Commissioners shall meet at the Capitol and canvass the state returns, and further provides:

"And after they have completed the tabulation and canvass of the returns of said primary nominating election they shall immediately certify to the same, and they shall issue to that candidate of each political party receiving the highest number of votes for the office for which he was a candidate, a certificate of nomination, which certificate shall, not less than thirty days next before the day on which the general November election is held, be filed in the office of the Secretary of State."

By the very terms of this statute the election day cannot be counted as one of the thirty days; the language "not less than thirty days next before the day" of election necessarily excludes the day itself. To require a thing to be done thirty days before the day of election means that it must be done thirty days before that day begins.

It has long been the rule in this State that where the time is to be computed from the act done, then the day on which it is done is to be included as a part of the time; but if it is to be from or after the day itself, the day must be excluded. See Newton v. Ogden, 126 Ky., 101, and the authorities there cited.

The question in that case was whether a local option election had been held "within thirty days next preceding or following" a regular election, and the court said:

"If the regular election in the meaning of the statute is to be considered as an act done, then the day upon which it was done must be included. On the contrary, if it is to be regarded as a day or date, and not an act, then it must be excluded."

Manifestly the statute in question here requires the filing of the certificate thirty days before the day of the election, and not merely thirty days before the election. Counting the fourth day of October there were only twenty-nine days between that and the second of November, and it is therefore apparent that Allen's certificate of nomination was not filed in time.

The remaining question is whether the provision of the statute quoted is mandatory or only directory, and on this question there is little difficulty. In the case of Brody v. Hook, 135 Ky., 87, a provision in the statute requiring that a candidate should file his certificate fifteen days before the election was held to be mandatory and that a candidate who had filed his certificate within fifteen days of the election had no right to have his name printed on the official ballot. A similar statute was held to be mandatory in Holton v. Center, 102 Ky., 119.

In giving the reason for declaring such a provision mandatory this court in the case of Brody v. Hook, *supra,* said:

"We are of the opinion that the General Assembly enacted this mandatory provision requiring the certificates and petitions of nomination to be filed not less than fifteen days before the election, so as to give the clerk that much time to prepare and have the ballots

printed and distributed among the polling places in the county before the day of the election, and without being annoyed by litigation by some one attempting to get some name on or off the ballots, and without being importuned by candidates and their friends for that purpose."

The same reasoning applies to the statute in this case; the Secretary of State is required twenty days before the election to certify to the county clerks of the 120 counties in the State the names of not only the nominees of all the parties for State offices, but to certify to them the names of the candidates for district offices in all districts larger than a county; and it is apparent that it was the legislative purpose to give to the Secretary of State the time intervening between the time certificates of nomination are required to be filed with him and the time he is required to certify the same to the various county clerks, in which to make accurate and correct certificates.

Naturally the court is reluctant to deprive one of the right to have his name printed upon the official ballot so that his fellow citizens, if they so desire, may vote for him; but the provision of the statute quoted being mandatory there is no escape from it.

The motion to dissolve the injunction is overruled.

Chief Justice Miller, Judges Carroll, Hannah and Nunn sat with me in the hearing of this motion and concur in this opinion.