## Judd v. Polk et al.
(Decided Feb. 23, 1937)

L. B. ALEXANDER for appellant.

WHEELER & SHELBOURNE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Plaintiff, D. W. Judd, brought this action against John W. Polk, former county clerk of McCracken county, and his surety, to recover $2,400 damages for his failure to place Judd's name on the ballot to be used at the November election, 1933, as the Democratic candidate for county surveyor. Acccording to the petition and amended petition, Polk was the duly elected, qualified, and acting county clerk of McCracken county during the year 1933, and had executed bond with the Fidelity & Casualty Company of New York as surety, conditioned for the faithful performance of the duties of the office. At the August primary, 1933, plaintiff was a candidate for the office of county surveyor in McCracken county in the Democratic primary, and no other person having filed for that office, there was

issued to him a certificate of nomination which he filed with Polk as county clerk in the time required by law. It was the duty of Polk as county clerk to cause plaintiff's name to be printed on the ballot as the Democratic candidate for surveyor of McCracken county at the November election, 1933, but the said Polk, without the knowledge or consent of plaintiff Judd, failed and refused to have his name printed on the ballot. There were no other nominees of any other party for the office of surveyor, and no other person's name was written on the ballot as a candidate for that office. Had his name been placed on the ballot as required by law, plaintiff would have been duly elected county surveyor for a period of four years. When he went to vote at said November election, he discovered that his name was not on the ballot, and was assured by said Polk that it was not necessary as there were no other nominees. After the election plaintiff took the oath of office, gave bond, and acted as county surveyor for a period of ten months, when he was advised that he was not duly elected, and at a time when it was too late to cause his name to be placed on the ballot at the November election, 1934, at which time one Glenn Houser was duly elected surveyor. Plaintiff was making out of the office the sum of $800 per year, and could have made that sum for the years 1935, 1936, and 1937, in addition to all other work done by him as surveyor or otherwise, and he was unable to obtain work to take the place of that which he would have received as surveyor of the county, by reason of which he was damaged in the sum of $2,400, all on account of the failure of Polk to have his name printed on the ballot. The defendants demurred to the petition and amended petition, and without waiving their demurrer filed an answer denying the allegations of both the petition and amended petition. Thereafter their demurrer was overruled, and they filed an amended answer denying certain allegations of the petition as amended, and presenting the following defenses: (1) Plaintiff, before entering upon the duties of the office of county surveyor, failed to file with the county clerk a certificate from a college, or from the circuit judge of the district of which the county was a part, that he was competent to perform the duties of the office; (2) plaintiff failed to file statements of his expenses before and after the primary, or before and after the general election, as required by the Corrupt Practices Act (Ky. Stats.

sec. 1565b-1 et seq.). Plaintiff's motion to strike that portion of the amended answer relying on a failure to file a pre-election or post-election statement of expenses was overruled. His motion to strike that portion of the amended answer relying on the failure to file a certificate of competency, and that portion relying on the failure to file a pre-primary and post-primary statement of expenses was sustained. Plaintiff then filed a reply admitting his failure to file a statement of his expenses before and after the primary, and before and after the general election, but justified his failure on the ground that he had no opponent in the election, and did not expend anything either before or after the primary, and before and after the general election, and on the further ground that he was advised by the defendant that it was not necessary to file any such statements, and but for such advice he would have filed them. In addition to this, the reply denied that it would have been improper to issue him a certificate of election or nomination and cause his name to be placed on the ballot in the general election, and denied that it was not the duty of the defendant to place his name on the ballot in the general election, and denied that on account of his alleged failure to file such statement he could not have qualified as county surveyor if he had been elected. A demurrer was sustained to the reply, and plaintiff having declined to plead further, his petition was dismissed.

Our conclusions on the questions involved may be summarized as follows:

1. The duty of causing the names of candidates to be placed on the ballot, and causing the ballots to be printed, bound, and ready for distribution, is imposed by law on the county clerk. Kentucky Statutes, secs. 1453 and 1465. It cannot be doubted that, if a candidate's certificate of nomination is filed in time with the county clerk, his failure to place the candidate's name on the ballot is a breach of duty rendering both him and his surety liable to one who has been deprived of his office by such failure. Of course, if the certificate of nomination is not filed in time, the clerk is under no duty to place the candidate's name on the ballot. Brodie v. Hook, 135 Ky. 87, 121 S. W. 979.

2. Under section 1565b-11, Kentucky Statutes, providing that "in any contest over the nomination or

election of any officer mentioned in this act, it may be alleged in the pleadings that the provisions of this act have been violated by the candidate or by others in his behalf with his knowledge, and if it so appears upon the trial of said contest, then said nomination or election shall be declared void,'' a violation of the Corrupt Practices Act does not render the nomination or election ipso facto void, but only void in the event of a contest by a defeated candidate. Not only so, but even a defeated candidate in the regular election may not contest on the ground that his opponent violated the Corrupt Practices Act in obtaining the nomination. Hardin v. Horn, 184 Ky. 548, 212 S. W. 573. Since only a defeated candidate in the primary or in the general election may contest, it follows that the clerk may not defend on the ground that appellant violated the Corrupt Practices Act either with respect to the primary or the general election.

3. It is true that section 1565b-7, Kentucky Statutes, provides that no officer or board authorized by law to issue certificates of election or nomination shall issue any such certificate to any person until the statements required by this act shall have been made and filed as required, but as pointed out in Hardin v. Horn, supra, the county clerk with whom the certificate has been filed in time cannot refuse to have the nominee's name placed on the ballot, except in obedience to the judgment of a court declaring the certificate invalid or the nomination void.

4. The county clerk can find no justification for his act in section 1565b-9, providing that no person shall be permitted to qualify as an elective officer, or receive a certificate of nomination until he shall have filed the statements as provided by this act, and no officer shall receive any salary or emoluments prior to the period of the filing of such statements. As a matter of fact, appellant's name was not placed on the ballot. For this reason he was not even a candidate, and there was no election. Clearly a clerk, whose failure to act has deprived one of his office, cannot defend on the ground that the one aggrieved failed to file statements which the clerk's own negligence rendered unnecessary and futile.

For the same reason appellant's failure to file a certificate of competency before entering upon the duties of his office was not available as a defense.

It follows that the demurrer to the reply should have been overruled, not because any avoidance of the defenses contained in the amended answer was necessary, but because the defenses themselves were not available.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the reply, and for other proceedings not inconsistent with this opinion.

Whole court sitting.