## Hillard v. Lakes.

June 11, 1943.

A. T. W. Manning for appellant.

J. R. Llewellyn for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant and the appellee were opposing candidates in the November, 1942, general election for the office of member of the Jackson County Board of Education from Educational Division No. 4, composed of voting precincts Horse Lick No. 1, Horse Lick No. 2, and McKee No. 2. In Horse Lick Precinct No. 1 the election officers were supplied with ballots on which were printed the names of John Estridge and James Lakes as the rival candidates.

Estridge and James Lakes were the candidates in Educational Division No 3, and, according to the testimony, the mistake was made by the printer. It was not discovered until the morning of the election; and the election officers attempted to correct it by striking out the names of Estridge and James Lakes and writing in place thereof with pen and ink, the names of Hillard and Green Lakes. This was done at the time the ballot was handed to the voter. In the three precincts the total of

the votes counted for appellant was 295, and the total counted for appellee, 211. Accordingly, appellant was awarded the election certificate, and this election contest was instituted by appellee for the purpose of having it adjudged that there was no election.

The total number of registered voters in the three precincts was 1,345, of whom 367 resided in Horse Lick Precinct No. 1. In this precinct only 77 votes were cast in the School Board race, and of these, 41 were counted for appellant. and 36 for appellee. Holding that there had been no election, the Chancellor granted the prayer of the petition, and declared the office vacant. This appeal followed.

The facts out of which this litigation arose, as well as the proceedings therein, are so similar to those in the case of Lakes v. John Estridge, 294 Ky. 655, 172 S. W. (2d) 454, as to render unnecessary any discussion here of the applicable principles of law. Guided by these principles, as set forth in the case cited, we have no hesitancy in concurring with the Chancellor's view that the election was not "free and equal" within the requirement of Section 6 of the Constitution.

Judgment affirmed.