## DRAGER v. BOYLE et al.
### No. A–3385.

District Court of Alaska. Third Division. Anchorage.
Feb. 22, 1944.

Karl A. Drager, of Anchorage, Alaska, pro se.
The defendants were not present nor represented.

HELLENTHAL, District Judge.

This matter is before the court on the complaint, containing two causes of action, in connection with which the plaintiff has filed two certified copies of the filings with the Auditor of Alaska, one pertaining to the filing of Harry G. McCain and the other pertaining to the filing of Ralph J. Rivers, both of whom have filed for nomination for At-

374

torney General at the Primary Election to be held on the 25th day of April, 1944.

The plaintiff in his complaint, in each cause of action, alleges that he is a citizen of the United States, a resident, property holder, taxpayer and qualified voter of Anchorage, Alaska, and that he is a candidate for nomination to the office of Attorney General of Alaska in the Primary Election to be held April 25, 1944; that Frank A. Boyle is the duly qualified and acting Auditor of the Territory of Alaska and the defendants Robert Coughlin, Almer Rydeen, M. E. S. Brunelle and John Hall are, respectively, the Clerks of Court of the First, Second, Third and Fourth Divisions of the Territory of Alaska; that the said Auditor and Clerks of Court, under the law, are the officials designated by law of receiving, certifying and performing various other duties in regard to the Primary Election hereinbefore referred to. That certain requirements are mandatory under the law regarding the filings of declarations by candidates to be voted for at said primary election. That the Auditor received telegraphic filings from the said Harry C. McCain, and the said Ralph J. Rivers, on or before the first day of February, 1944; that said filings are improper and illegal on account of that the same have been filed by telegraph and not in person; that the Auditor has certified said findings to the various Clerks of Court and that said various Clerks of Court are about to place said names on the ballots now being prepared for said election and prays for an order directed to said Clerks, their deputies and employees to show cause why they should not be enjoined from placing said names upon the ballots about to be printed and that said Clerks, their deputies, agents and employees be enjoined and restrained pending a hearing on said order to show cause and that upon a hearing upon said order to show cause the said injunction be made permanent, and further prays that the declarations of candidacy of the said Harry G. McCain and Ralph J. Rivers be held void and of no effect and that the certificates heretobefore issued by the Auditor may also be held to be null and void,

and that all ballots that may have been printed bearing the said names be held invalid and void, and for further relief.

The main question raised is whether or not these declarations are valid. However, the question for immediate consideration is whether or not the court should grant a restraining order, pending the hearing on an order to show cause.

The defendants in this case are scattered from Ketchikan to Nome, so it will take considerable time before a hearing can be had. In fact, the court will not be able to bring these defendants into court and have a hearing on the order to show cause in time to thereafter permit the printing and distribution of the ballots. If the court grants said restraining order, it is tantamount to striking the names of these candidates for the office of Attorney General of the Territory from the ballots, and leaving the plaintiff the only candidate. And, if the court should ultimately determine that these declarations of candidacy made were valid, there would be absolutely no way in which the court could rectify the situation.

In this case, it is not contended that the declarations filed do not contain the requirements provided by law, nor is it contended that said declarations were not filed in time. There being a substantial compliance with the law, the court is of the opinion that the public interests require that the court refuse,

And, the court hereby refuses to restrain the defendants, pending a hearing on an order to show cause.

In Hollon v. Center, 102 Ky. 119, 43 S.W. 174, 175, the court said:

"It is sometimes difficult to fix the line of demarcation, but the rule by which to determine when a statute is only directory is well stated in Cooley, Const.Lim. p. 92, as follows: 'Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the business, and by a failure to obey  *  *  *  will not be preju-

diced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time nor in the precise mode indicated, it may still be sufficient, if that which is done accomplishes the substantial purposes of the statute.'"

The court is willing to try this case promptly and do everything possible to facilitate an appeal so that the matter can be definitely determined.