**E. E. MUSGRAVE and Ballard Newsome,
Appellants,**

**v.**

**CITY OF JENKINS, a Municipal Corporation and City of the Fourth Class
et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 13, 1967.

F. Byrd Hogg, Hogg & Cornett, Whitesburg, Richard Cooper, Reeves, Barret, Cooper & Ward, Hazard, for appellants.

Harry M. Caudill, Whitesburg, for appellees.

WADDILL, Commissioner.

Upon this appeal E. E. Musgrave and Ballard Newsome contend the circuit court erred in dismissing their primary election contest instituted pursuant to KRS 122.020 for failure to state a claim.

Musgrave and Newsome were among nine candidates seeking nomination for the six positions of councilmen in the City of Jenkins at the May 23, 1967, primary election. Musgrave and Virgil Chavis received the same number of votes, each finishing sixth, while Newsome finished last.

In addition to setting forth the results of the election the petition stated that: the Board of Election Commissioners failed to instruct the precinct election officials in the operation of the voting machines as required by KRS 125.100; the voting machines were not adjusted to prevent non-city residents from voting in the city election; 76 named persons who were non-residents of Jenkins voted in the city election and it is impossible to ascertain for whom they voted prior to the filing of this action.

The issues raised on this appeal are whether: Musgrave is a proper party to bring this action since he is not a defeated candidate; the petition is defective in that it does not allege fraud, intimidation, bribery or violence; the petition is sufficiently specific under KRS 122.020 and the number of ineligible voters is large enough to justify a trial of the case.

■ An election contest is usually instituted by a defeated candidate and some of our cases properly refer to the contestant as a "defeated candidate." See Sparks v. Boggs, Ky., 339 S.W.2d 480; Judd v. Polk, 267 Ky. 408, 102 S.W.2d 325. The applicable statute contains no such requirement. It does provide that "any candidate for nomination to office" may contest the right of a "successful" candidate to the nomination. KRS 122.020. We think that the pro tanto "success" and "defeat" that exist in the tie situation herein presented are sufficient to warrant the institution of the action.

■ Where the contest of a primary election is premised on the ineligibility of voters (as it is here) it is not necessary to include a claim of fraud, intimidation, bribery or violence. Gregory v. Stubblefield, Ky., 316 S.W.2d 689. In the absence of such allegation the question of whether the entire city election should be voided is not presented. Napier v. Noplis, Ky., 318 S.W. 2d 875.

■ We have held that, where the eligibility of voters in a primary election is challenged, the petition must name the specific voters challenged, the facts which rendered them ineligible and, if possible, for whom they voted. Napier v. Noplis, supra. In the instant case the names of 76 voters whose eligibility is challenged are set out in the petition along with the averment that it is impossible for the contestants to determine how they voted. These averments,

along with those showing why these persons were ineligible to vote, satisfy the requirement to state specific grounds. KRS 122.020.

█ Musgrave is tied with Chavis so any change of votes could decide their race. Hence, the number of the allegedly ineligible voters is sufficient to alter the election results as to Musgrave. Newsome is 104 votes short of obtaining the nomination. If all 76 votes in question were deducted from the total number received by any of the other candidates, it would not cause Newsome to be nominated.

█ The circuit court properly dismissed Newsome's contest; nevertheless Musgrave's petition is sufficient to contest the councilmanic race on the ground that 76 named voters were ineligible to vote. The eligibility of only the voters named in the petition and for whom they voted will be determined upon the trial. Hodges v. Hodges, Ky., 314 S.W.2d 208; Glenn v. Gnau, 251 Ky. 3, 64 S.W.2d 168. The votes of ineligible voters will then be eliminated.

The judgment is affirmed as to Newsome and is reversed as to Musgrave with directions to overrule the motion to dismiss Musgrave's contest.

All concur.