Charles W. **FERGUSON** et al., Appellants,

v.

Theodore M. **ROHDE** et al., Appellees.

Court of Appeals of Kentucky.

Jan. 23, 1970.

Jack M. Lowery, Jr., Louisville, for appellants.

William G. Colson, Cecil Davenport, Martin Sullivan, Charles Sutt, Louisville, for appellees.

DAVIS, Commissioner.

Theodore M. Rohde instituted this action against Charles W. Ferguson and the county clerk and election commissioners of Jefferson County seeking an adjudication that Ferguson's ostensible election as justice of the peace for the Second Magisterial District of Jefferson County on November 4, 1969, was void. The trial court concluded that the election for that office was void and that the office of justice of the peace for the Second Magisterial District of Jefferson County was vacant. This appeal challenges that ruling.

On April 2, 1969, pursuant to KRS 118.-090, a certificate of nomination in behalf of Rohde as a candidate for justice of the peace of the Second Magisterial District of Jefferson County was timely filed in the office of the Jefferson County clerk. The certificate designated Rohde as a nominee of the American Party which then had status as a minor political party. On April 12, 1969, another such certificate was filed in the same office designating Rohde as the nominee of the American Party for the same position. Nothing appears of record in explanation of the filing of the second certificate of nomination. On April 14, 1969, the same persons who had filed the nominating certificates mailed to the Jefferson County clerk a purported withdrawal in behalf of Rohde as a candidate for the office of *constable* of the Second Magisterial District of Jefferson County. So far as appears of record, Rohde had never been nominated as a candidate for constable by anyone. The record suggests a possibility that an erroneous rumor had been circulated indicating that Rohde was a candidate for constable and that the withdrawal was to spike that rumor. However that may be, it is patent that Rohde never filed any withdrawal as a candidate for justice of the peace. KRS 118.160 directs that withdrawal of nomination be filed by the candidate. Rohde made no withdrawal, so the purported withdrawal of his name (even for an office for which he had not been nominated) had no legal effect.

Charles W. Ferguson was the successful Democratic nominee, and Lee F. Swan was the successful Republican nominee in the 1969 May Primary for the office of justice of the peace of the Second Magisterial District of Jefferson County. On October 22, 1969, the county clerk prepared a sample ballot reflecting the 688 candidates for various offices to be voted upon in Jefferson County on November 4, 1969. On October 31 the county clerk published the facsimile version of the official ballot in the Louisville Times. KRS 424.290. The names of Ferguson and Swan appeared on that ballot as rival candidates for the office of justice of the peace of the Second Magisterial District, but the name of Rohde did not appear on the ballot.

On November 3, 1969, Rohde's representative called to the attention of the county clerk the fact that Rohde's name had been omitted from the ballot. The clerk conferred with the county attorney and the election commissioners. It was suggested that efforts be undertaken to correct the omission, but the election commissioners concluded that it would be impossible to effect the necessary correction of the voting machines in the 184 precincts in the Second Magisterial District in time

for use at the regular election on November 4. So, the election proceeded with Ferguson and Swan as the only candidates shown on the machines as aspirants for the office of justice of the peace in the Second Magisterial District. Ferguson received 26,722 votes; Swan received 25,237 votes. Rohde received none so far as disclosed by the record.

■ It is clear that the county clerk was required by law to place Rohde's name on the voting machines as a candidate for justice of the peace in the Second Magisterial District in the election of November 4, 1969. KRS 118.070. Rohde had done all that the law required of him to assure his name's being included on the voting machines; his name was not so included. The trial court determined, and we agree, that an election conducted in such circumstances is void for being in violation of Kentucky Constitution Section 6 which requires that elections shall be "free and equal."

A somewhat similar situation obtained in Lakes v. Estridge, 294 Ky. 655, 172 S.W.2d 454. There Lakes and Estridge were rival candidates for the office of member of the Board of Education for Educational Division No. 3 in Jackson County. That division encompassed voting precincts 2, 3, 4, 5, and 6 of Jackson County. By mistake of the printer of the paper ballots, the election officers in precincts 2, 5, and 6 were furnished ballots containing the names of two other opposing candidates who were seeking election in Educational Division No. 4, whereas the names of Lakes and Estridge were not contained on the ballots in those precincts in Educational Division No. 3. The error in the ballots was not discovered until the polls opened. In precinct 6 the election officers undertook to correct the matter by striking out the erroneously printed names and writing in place of them the names of the proper rival candidates. In precincts 2 and 5 the officers of election informed the voters of the mistake in ballots as they handed the ballots to them and instructed the voters to write on the ballot the name of the candidate for whom they desired to vote. Canvass of the votes in the five precincts reflected that Lakes received 396 votes and Estridge received 215. Estridge filed contest seeking to have the election declared void. This court affirmed the trial court's judgment declaring the election void. In doing so, the court noted that Estridge, having been duly nominated as a candidate, had an unqualified right to maintain an action to have the election vacated, citing Brandenberg v. Hurst, 290 Ky. 592, 162 S. W.2d 223, and stated:

"It would also seem apparent that the Chancellor was correct in his conclusion that since no legal ballots had been furnished to the voters of three out of five precincts comprising the Educational Division, the voters in these precincts must be regarded as having been disfranchised, and that the percentage of those disfranchised was so great as to require the Court to adjudge that the election had not been 'free and equal' within the requirements of Section 6 of the Constitution." Id. 172 S.W.2d 455.

In Lakes v. Estridge, 294 Ky. 655, 172 S.W.2d 454, the court dealt with the argument that the election should not be voided because the irregularities were not sufficient to affect the result. It was noted that by eliminating the votes cast in precincts 2, 5, and 6 Lakes would still have won by a vote of 208 to 122. The court rejected that argument, observing:

"However, since we must treat the ballots counted in Precincts 2, 5, and 6 as wholly invalid and insufficient to indicate whom the voters who cast them would have chosen had they been furnished with ballots showing in print the names of the nominated candidates, it may well be said that this case is within the following rules stated in [Wallbrecht v. Ingram, 164 Ky. 463, 175 S.W. 1022]: 'If the number of voters that were prevented from voting by fraud, bribery, vi-

olence, mistake of the election officers, or imperfection in the law would be sufficient to change the result if they had been cast for the minority, then the election should be set aside upon the ground that it could not be determined with certainty that the result, as certified to by the canvassing board, represented the will of the majority. A like conclusion should be reached if the bribery, fraud, intimidation, or *other cause, whatever it may be,* has affected the election to such an extent that it cannot be determined, by any reasonable method, for which side a majority of the legal votes were cast.' " (Emphasis added.) Id. 172 S. W.2d 456.

In a well-considered opinion, the chancellor noted 29 C.J.S. Elections § 173(2), in which it is said: "Where the name of a candidate is improperly omitted from the ballot, the election as to that office is invalid." In support of that text are cited Stawitz v. Nelson, 188 Kan. 430, 362 P.2d 629; Bowen v. Williams, 238 Miss. 57, 117 So.2d 710; State ex rel. Rice v. Dillon, 197 Miss. 504, 19 So.2d 918; and Morrison v. Crews, 192 Tenn. 20, 237 S.W.2d 1. In each of the cited cases the candidate whose name was omitted from the ballot was a candidate of a major party, but we are unable to ascribe to that fact a distinguishing legal concept in the case before us. It would be pure speculation to say that the inclusion of Rohde's name on the ballot would have made no difference in the result of the election.

■■ The trial judge concluded that an unintentional mistake had occasioned the unfortunate omission of Rohde's name from the voting machines and noted that no fault in that respect attached either to Candidate Ferguson or Candidate Swan. Nevertheless, an individual who has been nominated as required by law has an unqualified right to have his name appear on the ballot. The court should not speculate what the outcome of an election would have been if the voters had been afforded

the free choice of candidates legally nominated for office. There is no way to know with certainty how such an election would have resulted. In that sense, the irregularity is sufficient to affect the result within the precept announced in Wallbrecht v. Ingram, 164 Ky. 463, 175 S.W. 1022, and Hocker v. Pendleton, 100 Ky. 726, 39 S.W. 250. As recently as Thurman v. Keen, Ky., 444 S.W.2d 754 (1969), we recognized that irregularities arising from violation of statutory requirements by election officers may be insufficient in some instances to warrant rejection of the votes cast in precincts where the violations occurred, but pointed out that some statutory violations by election officers will result in invalidating the election or rejection of the votes in the precincts affected. In our view, the statutory irregularity with which we now deal is one which must be deemed so pervasive. as to vitiate the entire election, as pertains to the office involved.

■ Ferguson contends that Rohde's negligence or conduct "was the proximate cause of the omission of his name from the balloting." This argument is based on the idea that the county clerk was misled by reason of the purported withdrawal of Rohde's name as a candidate for constable. We are unable to accept this argument, since there simply is no rational way to equate his withdrawal as constable with withdrawal as candidate for justice of the peace, nor was the purported withdrawal in compliance with KRS 118.160. It may be that the county clerk was honestly misled, but there was no legal basis for his being misled, nor is Rohde chargeable with any improper conduct or negligence in filing the withdrawal as candidate for constable, even though he had never been nominated for such office.

■ Ferguson also contends that injunctive relief is inappropriate inasmuch as Rohde has adequate remedy at law by an action for damages against the county clerk, citing Judd v. Polk, 267 Ky. 408, 102 S.W.2d 325. The mere fact that a possible

cause of action for loss of salary may exist in this case, a question we do not determine, is .not such an adequate remedy at law as to foreclose the right to injunctive relief to prevent the issuing of an election certificate to Ferguson and the assumption of office by Ferguson. The relief sought is the adjudication that the election for the office of justice of peace of the Second Magisterial District of Jefferson County was void. That relief, which we have already indicated would be appropriate, transcends mere recovery of money.

The judgment is affirmed.

All concur.