**Carl Douglas FANNIN et al., Appellants,**

**v.**

**Edgar CASSELL et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 17, 1972.

John W. Kirk, Hazelrigg, Knight & Kirk, Inez, for appellants.

Barkley J. Sturgill, Prestonsburg, for appellees.

CULLEN, Commissioner.

The Martin Circuit Court entered a judgment enjoining the placing of Carl Douglas Fannin's name on the ballot at the November 7, 1972, election as a candidate for member of the board of education of Martin County. The judgment was based on a finding that Fannin's nominating petition was invalid because it had been filed *prior* to the time allowed by KRS 118.-130(4) for the filing of petitions of nomination for the office of member of a board of education. Fannin has appealed from that judgment.[1]

The statute, KRS 118.130(4), provides that petitions and certificates of nomination for the nomination of candidates for city offices or of candidates for members of boards of education (with minor exceptions) shall be filed not less than 45 *nor*

---

1. By order of this court the injunction was suspended pending the appeal and Fannin's name therefore appeared on the ballot; however, he lost the election.

*more than 60* days before the day of the election. The provision of this statute fixing a time before which nominating papers shall not be filed is unusual, as is evidenced by the first three subsections of KRS 118.130, which omit any such provision as to the great majority of offices.

Since the 1972 election fell on November 7, the earliest date on which nominating papers for the office of member of board of education could be filed was September 8. Fannin filed his nominating papers with the Martin County Clerk on September 1, and they were marked filed on that date. It was the opinion of the Martin Circuit Court that the provision of the statute fixing a date before which nominating papers could not be filed was "mandatory," and therefore the premature filing was a complete nullity. Fannin argues that the provision in question is merely "directory," and in that argument he is supported by the holding of this court in Hallon v. Center, 102 Ky. 119, 43 S.W. 174, which so construed a former statutory provision fixing a "maximum" time for the filing of nominating papers for most offices.

The question is simply one of determining the legislative intent. Obviously, the legislature's intent was that nominating papers for the office of member of a school board (or for a city office) should not be filed more than 60 days before the day of election. The real question is: What did the legislature intend to be the effect or result if papers were filed before the allowed date? In this context, the terms "mandatory" and "directory" have significance only as they furnish labels for the court's determination of whether the legislature intended noncompliance with the statute to be fatal or nonfatal. Thus, if this court were to determine that the legislature did not intend premature filing to be fatal, the court would label the provision in question as "directory."

It appears that the courts, in determining whether the legislature intended noncompliance with a particular statute to be fatal or nonfatal, endeavor to weigh the seriousness of the consequences visited against the person who did not comply, by a requirement of strict compliance, against the public benefit to be derived from such a requirement. Thus, in Hallon v. Center, the court decided that there was no significant benefit to the public to be achieved by demanding strict compliance with the statutory provision fixing a date *before* which nominating papers could not be filed, and the court therefore labeled the provision as "directory."

We conceive that the legislature could have had valid, important reasons for fixing a time before which nominating papers could not be filed. Perhaps the legislature desired, as to the local offices in question, to limit the period of active campaigning. If so, the legislature would not have intended that noncompliance should have no serious consequences at all, because otherwise the statutory provision would be completely meaningless. It seems to us that if we were to say that noncompliance entails no penalty, we might as well say that the statutory provision is a complete nullity, rather than resorting to the "directory" label.

The court, in Hallon v. Center, indicated that a prematurely filed petition could be treated as simply being a deposit with the county clerk, lying dormant, until the proper day for filing arrived, when it suddenly would spring to life. Under that theory, the statutory provision would be utterly toothless, for premature filing could freely be accomplished.

█ It is our opinion that in order to give the statute any meaning we must hold that a premature filing is no filing at all, and it cannot be treated as a mere tender to the clerk for filing at the proper time. In the latter view we are supported by Adams v. Bolin, 77 Ariz. 316, 271 P.2d 472. For us to hold that the statutory provision is "directory" would be the equivalent of

holding it void, which we would have no basis for doing.

It is our conclusion that Hallon v. Center, to the extent it holds merely "directory" a statutory provision fixing a time before which nominating papers cannot be filed, is not sound, and to that extent we overrule it. However, it further is our opinion that this holding should be made prospective only, and should not apply to the instant case, because at the time Fannin's papers were filed the prevailing interpretation of the statute would have permitted the filing. Cf. Lasher v. Commonwealth, Ky., 418 S.W.2d 416; Haney v. City of Lexington, Ky., 386 S.W.2d 738; Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844; Bishop v. Bishop, Ky., 343 S.W.2d 587.

The judgment is reversed, with directions to enter judgment dismissing the complaint.

All concur.