**James P. HALLAHAN, Appellant,**

v.

**Charles W. FERGUSON, Appellee.**

Court of Appeals of Kentucky.

Feb. 16, 1973.

Rehearing Denied May 4, 1973.

Cecil Davenport, Louisville, for appellant.

Jack M. Lowery, Louisville, for appellee.

CULLEN, Commissioner.

In the November 1969 election for Second District Magistrate in Jefferson County, Kentucky, Democratic candidate Charles W. Ferguson was the putative winner in that he received 26,722 votes as against 25,237 for the only other person on the ballot, Republican candidate Lee Swan. However, the election was held void in a suit brought by Theodore Rhode, who had filed nomination papers as a candidate of the American Party but whose name the county court clerk had failed to put on the ballot. See Ferguson v. Rhode, Ky., 449 S. W.2d 758.

After the election was held void, Ferguson brought the instant suit against the county court clerk, James P. Hallahan, alleging that "as a direct and proximate result" of the clerk's failure to put Rhode's name on the ballot, "the plaintiff was denied and prevented from assuming the office of Magistrate for the said District, and has sustained a loss in salary thereby of $7,200 per annum or a total loss in salary for the four-year term of $28,800." Ferguson's complaint prayed for judgment in the amount of $28,800. The circuit court entered summary judgment as prayed for. Hallahan has appealed.

While there is considerable discussion in the briefs as to whether the county court clerk, in the absence of personal negligence or deliberate wrongdoing, could be subjected to *any* liability for omission of Rhode's name from the ballot, we do not find it necessary to pass on that question because

we hold that in no event could the only damages claimed by Ferguson—an amount equal to the salary of the office—be considered to flow proximately from the omission of Rhode's name from the ballot.

Ferguson's contention that he was deprived of the fruits of the office as a result of the clerk's failure to put Rhode's name on the ballot is completely fallacious. Ferguson was never elected to the office. The vote-casting process in which he received the plurality of the votes was not a valid election. In order to establish the necessary element of proximate cause, Ferguson would have to prove that he would have won the election had there been a valid election with all three candidates' names on the ballot. This he could not prove, because who would have won such an election is a matter of pure conjecture.

Judd v. Poke, 267 Ky. 408, 102 S.W.2d 325, on which Ferguson relies, is not comparable because there the candidate whose name was omitted from the ballot was the *only* candidate; had his name been on the ballot he could in effect have won by default. The fact that he would have won was certain; in the instant case no one can tell who would have won.

The purported election in the instant case turned out to be no more than a popularity contest between Ferguson and Swan. Out of that contest Ferguson acquired no protectable interest in the office. The clerk's error simply deprived the voters of the opportunity to make a free and fair choice among the eligible candidates, and it is the fact that the voters were so deprived which reduces to nothing Ferguson's purported victory.

The judgment is reversed with directions to enter judgment dismissing the complaint.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED and STEPHENSON, JJ., sitting.

All concur.