Hugh C. COOMER, Appellant,

v.

Eddie TAMME, Appellee.

No. 89–CA–1458–MR.

Court of Appeals of Kentucky.

Sept. 22, 1989.

Discretionary Review Denied.
by Supreme Court
Nov. 1, 1989.

Robert M. Spragens, Sr., Joseph H. Mattingly, Spragens, Smith, & Higdon, PSC, Lebanon, for appellant.

Keith Moorman, Lexington, for appellee.

Before HOWERTON, C.J., and EMBERTON and LESTER, JJ.

HOWERTON, Chief Judge.

This appeal has been taken, pursuant to KRS 120.075, from the decision of the Boyle Circuit Court dismissing a contest concerning the 1989 democratic primary for nomination to the office of Property Valuation Administrator of Boyle County. Six candidates sought the nomination. Appellee Tamme received 2,242 votes. Appellant, Coomer, received 2,236 votes, thus losing to Tamme by a margin of six votes.

The other four candidates shared a total of 794 votes.

Coomer filed a petition to contest the primary election under KRS 120.055. The petition alleged that 55 individuals had voted in the primary election, although not eligible to do so. The petition recited that it was impossible to tell for whom each ineligible voter had cast his or her vote. The petition further sought a hearing to determine for whom the illegal votes had been cast so that the illegal votes could be deducted from the totals received by each candidate in the election.

Tamme moved the circuit court to dismiss the election contest for failure to state a claim. Specifically, Tamme alleged that the petition did not identify for whom the illegal voters had cast their ballots and so was deficient under the case law interpreting KRS 120.055. The circuit court agreed and dismissed the contest.

We affirm the decision of the circuit court.

In seeking reversal of the circuit court decision, the contestant/appellant argues that his petition was adequate under *Musgrave v. City of Jenkins*, Ky., 419 S.W.2d 582 (1967). We cannot regard *Musgrave* as reliable authority because (1) the opinion in that case is in direct conflict with the opinion in *Watts v. Fugate*, Ky., 442 S.W.2d 569 (1969), decided two years after *Musgrave;* (2) the *Musgrave* opinion has never been cited or relied upon in any published opinion since its rendition; and (3) the precedential authority cited in the *Musgrave* opinion actually supports the result reached here and in *Watts v. Fugate*, rather than the result reached in *Musgrave*. In *Napier v. Noplis*, Ky., 318 S.W.2d 875, 879 (1958), the Court had held that the mere listing of the names of nonresident voters did not satisfy the standard of pleading and proof required in Kentucky election contests. In *Glenn v. Gnau*, 251 Ky. 3, 64 S.W.2d 168 (1933), the illegal voters had been properly pled, including the allegation concerning for whom the illegal votes had been cast. In *Hodges v. Hodges*, Ky., 314 S.W.2d 208 (1958), denial of a motion to

amend pleadings to add the necessary allegations was affirmed.

In filing an election contest based upon the casting of individual illegal votes, the contestant must allege for whom each of the identified illegal voters cast his ballot. *Hogg v. Caudill,* 254 Ky. 409, 71 S.W.2d 1020 (1934); *Watts v. Fugate,* Ky., 442 S.W.2d 569 (1969).

The judgment of the circuit court dismissing this election contest is affirmed.

All concur.