## George W. Hill, Appellant, v. G. W. Carr et al., Appellees.

1. ELECTIONS, § 29*—*when count of declaration in suit against election officials for damages resulting from failure to count votes demurrable.* In an action against election judges to recover damages for failure to count the whole number of votes cast for plain-

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

'tiff at a primary election a count in a declaration averring that by reason of the wilful refusal and neglect of defendants to count for plaintiff all the votes cast for him at the election he was deprived of the office for which he was a candidate, *held* demurrable for 'the reason that the loss of office could not be directly contributable to acts complained of.

2. ELECTIONS, § 29*—*when counts of declaration in suit against election judges for failure to count votes state a cause of action.* In an action against election judges to recover damages for their failure to count the votes cast for plaintiff at a primary election, counts in a declaration alleging that the wilful neglect and refusal of defendants to count all the votes cast for plaintiff resulted in depriving plaintiff of a nomination and deprived him of having his name placed on the official ballot and alleging that plaintiff was damaged thereby, *held* to state a cause of action and not demurrable for the reason that damages could not be proved to the extent of the amount claimed.

Appeal from the Circuit Court of Hamilton county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed May 1, 1914.

D. J. UNDERWOOD and THOMPSON & THOMPSON, for appellant.

C. B. THOMAS and H. ANDERSON, for appellees.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

Judgment was rendered in this case against appellant for costs upon a demurrer to his declaration. The appellant prosecutes this appeal and assigns as error the sustaining of the demurrer and rendering of judgment against him for costs.

The declaration consists of five counts. The first four counts are in substance the same as the first count of the declaration and allege that appellant was a candidate for representative of the fifty-first Senatorial district, at a primary election held on the 9th day of April, 1912, in said district; that at said election he was seeking the nomination for said office so as to be

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

placed as one of the persons to be voted for said office
at an election to be held on November 5, 1912; that
the appellees were judges at said primary election,
had been regularly selected for the township of Bear
Creek in the county of Hamilton, and had charge of
said primary election in said township and counted the
votes thereat, and made up. the returns for said town-
ship; that in said precinct appellant in fact received
117 votes but that said judges knowingly, negligently
and wilfully failed and refused to count the full num-
ber of 117 votes for appellant but counted and returned
for him only 45 votes, and that by reason of the
refusal of the appellees aforesaid to properly count
and return his vote he was deprived of 72 votes; that
the returns from said primary election from all of the
counties of said district to the Secretary of State show
that one George B. Baker received a total of 10,021½
votes, Elwood Barker received a total of 7,205½ votes
and appellant received 7,189 votes as returned by the
several canvassing boards of the several counties in
said district, and that by the canvass as made by the
Secretary of State, and shown, the said Elwood Bark-
er received only 16½ more votes than appellant, and
that if his full vote had been counted for him he would
have received 32 more votes than the said Elwood
Barker, which would have nominated him as a candi-
date to be voted for at said November election. The dec-
laration further avers that if his name had been placed
upon the Republican ticket of the official ballot that
he would have been elected as a member of the House
of Representatives and would have received a certifi-
cate for such office with the emoluments and salary at-
tached thereto; and concludes by averring that by rea-
son of the said judges having so wrongfully and wil-
fully refused to count the said votes for him at said
primary election that he was deprived of the office of
representative for the said Senatorial district.

The second, third and fourth counts aver substan-
tially the same facts as the first count, some of them

giving more of the details but all of them alleging in substance that by reason of the wilful refusal and neglect of appellees to count for appellant the whole number of votes received by him in said precinct that he was deprived of the office of representative for said district and the emoluments thereof.

The fifth count of the declaration alleges the same facts in substance as the first count, except that it avers that by reason of the wilful neglect and refusal of appellees to count for appellant the whole number of votes received by him in said district, in the manner aforesaid, that the appellant was deprived of the nomination for the office of representative upon the Republican ticket, and deprived of the right to have his name printed upon the official ballot as the nominee of the Republican party.

To these counts and each of them the appellees filed a demurrer, which the court sustained. In considering the error assigned we will discuss these several counts under two classes. The first four of the counts, all aver that as a result of the failure to count the said votes the appellant was deprived of the office of representative and the privileges and emoluments thereof. In setting forth a cause of action in a declaration, it is necessary that it appear that the injury inflicted resulted directly and proximately from the cause complained of. It is a well-settled principle of law that if any independent agency intervenes between the cause complained of and the injury inflicted, to which the injury might be attributable, then no recovery could be had as it would not be the proximate cause. Under these counts of the declaration it appears that an election was to be held in November following, for which the appellant must be voted for, and at which he must receive a requisite number of votes before he could obtain the office which he alleges he was deprived of, and if he had failed to receive a plurality of the votes he would have been deprived of the office. It appears to us that the cause alleged in

these four counts is too remote from the acts of wilfulness complained of and that it cannot be said that the loss of this office was directly attributable to the acts of appellees in refusing to count such votes at the primary election, and we believe that the court did not err in sustaining the demurrer to these four counts and each of them.

The fifth count, however, is very different. It alleges that the wilful neglect and refusal of appellees to count said votes resulted in depriving appellant of the nomination upon the Republican ticket for said office, and deprived him of having had his name placed upon the official ballot and says he was thereby greatly damaged, and specifying the manner and extent to which he was damaged. It is said by counsel for appellees that this was only a political right and no damage could result in law from being deprived of a political right. In other words, that if appellant was injured at all that it was *damnum absque injuria.* It is said that he could not recover the expense and damages complained of. It is probably true that appellant sought, as claimed by this declaration, damages which could not be proven to the extent claimed, but the amount of damages that he is entitled to receive is not the controlling factor in determining his right of action. "Where the evidence shows the violation of a legal right, the claim to damages accrues, and the fact that the precise nature and extent of the damages is not capable of being exactly ascertained will not serve to divest the right of recovery." 13 Cyc. 15. It certainly is a legal right that a man is entitled, when a candidate for office under the laws of our State, to have all of the votes received by him counted for him, and if any one authorized to count such votes wilfully neglects and refuses to count them it is certainly depriving him of a substantial legal right. It is certainly as much of a legal right to deprive a man of votes cast for him as to deprive one of a right to vote, and it is held by our Supreme Court that damages may be

recovered for depriving one entitled to vote of the right. *Bernier v. Russell,* 89 Ill. 60; 15 Cyc. 314.

The amount of damages that may be recovered is not a matter to be considered upon this demurrer. This will arise upon the trial of the case in the admissibility of evidence, when only such damages as are directly attributable to the wrongful acts complained of can be admitted in evidence. Whether appellant would be able to prove any damages or not, would not deprive him of his right of action, as he would be at least entitled to nominal damages. "Every injury to a legal right imports damage and entitles an injured party to his action and the recovery of nominal damages if none other are proven." 1 Cyc. 660. While there seems to be but little authority upon this question, yet from principle it seems to us that the right to have proper and legitimate votes counted as they were cast is a substantial right and privilege of every citizen and that any one who wilfully deprives him of that right should suffer for any legitimate damages that he has sustained thereby; and we think the court erred in sustaining a demurrer to the fifth count of plaintiff's declaration, and the judgment of the lower court is reversed and the cause remanded with directions to overrule the demurrer to the fifth count of the declaration.

*Judgment reversed and cause remanded with directions.*