# CASES DETERMINED

AT THE

# August Term, 1926.

STATE EX REL. FUGINA, Plaintiff, vs. PIERCE, Defendant.

*May 17—September 17, 1926.*

*Judges: Of county courts: Judge must be attorney of court of record of this state.*

1. The supreme court has original jurisdiction in *quo warranto* of an application by the attorney general under secs. 294.01 to 294.13, Stats., to inquire into the right or title of one acting as county judge. p. 3.

2. The qualification under sec. 253.02, Stats., that no person is eligible for election or appointment as county judge who is not an attorney of a court of record, is a continuing one, which must subsist during his entire term of office. p. 3.

3. Generally, the statutes of this state are to be construed and considered as relating to the people and the institutions within the state. p. 5.

4. Sec. 253.02, Stats., requiring a county judge to be an attorney of a court of record, refers to an attorney of a court of record of this state, not to an attorney of the courts of another state or of the federal courts. p. 6.

5. Federal courts, although courts of record *within* the state, are not courts of record *of* the state. p. 7.

QUO WARRANTO here. *Judgment of ouster.*

In June, 1915, defendant *Glenn V. Pierce* was admitted to practice law in its courts by the supreme court of the state of Minnesota, and on November 12, 1924, admitted to practice by the district court of the United States for the Western district of Wisconsin. Neither of the certificates or rights granted upon such respective admissions has been

canceled or revoked.. On November 12, 1924, he was also granted a certificate of admission to the bar by this court.

On April 7, 1925, he received the majority of votes and was declared elected to the office of county judge of Buffalo county in this state, and assumed such office on the first· Monday of January, 1926, and has since continued to perform its duties.

Upon proceedings in and by this court and on March 9, 1926, the certificate issued by this court as aforesaid was declared to have been improperly issued, was surrendered, canceled, and revoked, and his name stricken from the roll of attorneys. *In re Pierce,* 189 Wis. 441, 207 N. W. 966.

On April 15, 1926, application was made to this court by Herman L. Ekern, attorney general, upon the relation and complaint of one *M. L. Fugina,* praying this court to exercise its original jurisdiction in the nature of *quo warranto* for the purpose of ousting the defendant from the exercise of the office of county judge of Buffalo county, which, it was therein alleged, he usurped, intruded into, and unlawfully holds. The defendant moved to quash such writ and proceedings on the grounds, first, that this court ought not to entertain original jurisdiction, and second, for the reason that no sufficient showing is made in the petition reciting the above facts to warrant the relief prayed.

For the plaintiff there were briefs by the *Attorney General, Buehler & Buehler* of Alma, and *M. L. Fugina* of Fountain City, and oral argument by *Mr. Fugina* and *Mr. Theo. Buehler.*

For the defendant there was a brief by *Olbrich, Brown & Siebecker* of Madison, and oral argument by *M. B. Olbrich.*

The following opinion was filed June 21, 1926:

Eschweiler, J. Upon the first objection urged by defendant to these proceedings, namely, that this court ought

State ex rel. Fugina v. Pierce, 191 Wis. 1.

not to exercise its original jurisdiction in *quo warranto,* we are of the opinion that the situation presented, namely, an application by the attorney general of the state of Wisconsin under ch. 294, Stats., to inquire into the right or title of one acting as a county judge in this state, though a proceeding which might have been brought in the first instance in a circuit court of the state and subject to review here, still is one in which this court has ample warrant and precedent to assume original jurisdiction. In *State ex rel. Att'y Gen. v. Messmore,* 14 Wis. 115, just such an original action by *quo warranto* against one acting as judge of the circuit court for the Sixth circuit was entertained by this court. In *State ex rel. Finch v. Washburn,* 17 Wis. 658, a similar proceeding was had here to determine which of two persons was the county judge in Winnebago county; and again in *State ex rel. Ryan v. Boyd,* 21 Wis. 208, to determine who was the county judge of Outagamie county; and it was again done in *State ex rel. Richter v. Chadbourne,* 162 Wis. 410, 413, 156 N. W. 610, involving the office of county judge of Fond du Lac county.

The other question presented is as to the construction that should be given to that certain phrase hereinafter quoted in sec. 253.02 (formerly sec. 2441) providing for the eligibility to election or appointment of county judges in any county of this state having a population of more than 14,000, to the effect that no person shall be eligible who, at the time of his election or appointment, is not *"an attorney of a court of record."*

While this statute by its language provides that such qualification shall exist at the time of election or appointment, still there can be no question but that such qualification is a continuing one; that is, it must subsist during the entire term of office. A holding to the same effect as to residence was made in *State ex rel. Att'y Gen. v. Messmore,* 14 Wis. 163, 170, construing the provision of sec. 7,

art. VII, Const., that "every circuit judge shall reside in the circuit from which he is elected." This is so plainly a personal and continuing qualification of one entitled to be an incumbent of the office that a reasonable interpretation of the statute requires the conclusion that the existence of such qualification cannot be limited merely to the time of election or appointment, but must subsist at the time of taking office and during the continuation of such occupancy. It has been so held as to a judge of the superior court, required, under the constitution of Washington, to "be admitted to practice in the courts of record of this state," and where the suspension for one year from his office as attorney was held to disqualify such person for that period to hold such judicial office. *State ex rel. Willis v. Monfort,* 93 Wash. 4, 159 Pac. 889, L. R. A. 1917 B, 801. The same was held as to a county attorney in *Brown v. Woods,* 2 Okla. 601, 39 Pac. 473.

At the time his qualification to hold and continue to occupy the office of county judge of Buffalo county was challenged by the attorney general by the present application for a writ on April 15, 1926, the defendant *Pierce* was in possession of certificates showing his proper admission to practice in the supreme court and courts of record of Minnesota and in the United States district court for the Western district of Wisconsin, the certificate issued by this court on November 12, 1924, having been on March 9, 1926, withdrawn, canceled, and revoked as above stated. Then if the language of the statute, "attorney of a court of record," should be construed as covering and including one who is an attorney of record and entitled, therefore, to practice in the courts of record of Minnesota and in the United States district court for Wisconsin, there is no disqualification shown. If, on the other hand, the phrase should be construed as limited to courts of record of this state, then the respondent, by reason of the revocation of

his right so to practice in this state, was not, at the time of this challenge (the sole period now being passed upon), qualified to hold such office.

As a general proposition, Wisconsin statutes are to be construed and considered as relating to people and institutions within the state of Wisconsin; as intra-territorial and not extra-territorial. Such subject was discussed in *Mc-Millan v. Spider Lake S. M. & L. Co.* 115 Wis. 332, 336, 91 N. W. 979, holding that the right of action given by the very general and broad terms of the death statute nevertheless excluded from its benefits a nonresident alien widow of a deceased resident of Wisconsin; and this was so held notwithstanding the provision of sec. 15, art. I, of the constitution declaring that "No distinction shall ever be made by law between resident aliens and citizens, in reference to the possession, enjoyment or descent of property." The same general doctrine is recognized in *Anderson v. Miller Scrap Iron Co.* 169 Wis. 106, 116, 170 N. W. 275, 171 N. W. 935, in discussing the right to have adjusted, under the Wisconsin workmen's compensation act, liability for injuries occurring in Michigan to the employee of a Wisconsin employer.

As pointed out in 2 Lewis' Sutherland, Stat. Constr. (2d ed.) § 513, legislative acts are deemed to refer to persons and things within the state and within the power of the legislature; and so in Endlich, Interp. of Stats. § 169, it is said as a general rule, statutes are to be read as though words to that effect were inserted.

In denying a motion to admit one, theretofore admitted to practice by the supreme court of the state of Illinois, to practice before the bar of this court, it was said in *In re Mosness,* 39 Wis. 509, after mentioning the well established practice to permit, as a matter of courtesy, a nonresident attorney to appear on special occasions as an attorney in this state, that attorneys are such *quasi*-officers

of the state that they are within the general rule that executive, legislative, and judicial functions, independently of statutory regulations, must be performed by residents, and that this was especially so as to attorneys, and that our courts cannot have a nonresident bar. Page 511.

In *State v. Russell,* 83 Wis. 330, 53 N. W. 441, a distinguished lawyer of St. Paul was appointed to assist in the prosecution of a murder case under a statutory provision that trial courts may in their discretion appoint *counsel* to assist the district attorney in felony cases. There were no qualifying terms in that statute as to the term "counsel," any more than are found in the statute now under consideration as to a court of record. It was there held that neither our laws or courts recognize any attorneys at law but those of this state, except by rule of comity or as a matter of favor; that assistant counsel for district attorneys must be attorneys at law of this state, citing, at page 333, *In re Mosness, supra,* and holding such appointment void, and the conviction obtained through his assistance was reversed.

We think that both by analogy and reason that decision must control here, and that an attorney of a court of record, as the phrase is used in sec. 253.02, *supra,* must and ought to be construed as meaning an attorney of a court of record of this state, one over whom, as such attorney, this state, through its courts and legislature, has control both as to his admission to the bar and his continuance in the right to practice. See, also, *People ex rel. Hughes v. May,* 3 Mich. 598, and *State ex rel. Duffel v. Marks,* 30 La. Ann. 97.

Attention has been called by the industry of counsel on both sides to a large number of varying expressions used as to the statutory qualifications in this state for the holding of judicial office in specially created courts such as county and municipal, and as to the use or omission of the term "of this state" in connection with the oft-recurring phrase

State ex rel. Fugina v. Pierce, 191 Wis. 1.

in the various statutes of "courts of record." But the very fact of such vast variety prevents any of such instances aiding us in our present consideration.

The view we have taken clearly denies respondent's contention that his right to practice in the courts of record of the state of Minnesota meets the requirements of sec. 253.02, *supra*.

While in many respects the judgments of the United States district court in this state are on the same footing as are judgments of our state courts, so far as our residents and their property are concerned, by force of our own or federal statutes, yet they are also clearly not courts of record *of* this state although courts of record *within* the state.

It follows that defendant's demurrer to the petition must be overruled, and, there being no possible issue of facts to be presented, it necessarily requires that the matter be now closed and determined as was done on the second hearing in *State ex rel. Att'y Gen. v. Messmore,* in 14 Wis. 163, 179.

*By the Court.*—Let judgment of ouster be entered against defendant.

A motion for a rehearing was denied, without costs, on September 17, 1926.