M. A. LARSON, APPELLANT, V. FRANK MARSH ET AL., APPELLEES.

14 N. W. 2d 189

FILED APRIL 28, 1944. No. 31725.

*William L. Walker,* for appellant.

*Walter R. Johnson, Attorney General, Robert A. Nelson* and *Peterson & Devoe, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action for damages brought by the plaintiff, M. A. Larson, against the defendants, Frank Marsh, secretary of state, and John B. Quinn, deputy secretary of state, and their respective bonding companies, because of the failure of the defendant officers to comply with the request of plaintiff to designate and describe him on the 1942 Republican primary election ballot by placing after his name as a candidate for railway commissioner the words "Central City, Nebraska," as required by section 32-1175, Comp. St. Supp. 1941. The trial court sustained a general demur-

rer to the second amended petition upon which plaintiff elected to stand. The trial court thereupon dismissed the action and plaintiff appeals.

The petition alleges that the defendant, Frank Marsh, is the duly elected, qualified and acting secretary of state of the state of Nebraska and that the defendant, the Great American Indemnity Company, is the surety on his official bond. It also alleges that the defendant, John B. Quinn, is the duly appointed, qualified and acting deputy secretary of state of the state of Nebraska and that the defendant, the Century Indemnity Company, is the surety on his official bond. The petition further alleges that the plaintiff properly filed his name with the secretary of state as a Republican candidate for the office of railway commissioner on July 2, 1942. It is alleged that previous to July 1, 1942, one Ray R. Larson of Wayne, Nebraska, had filed as a Republican candidate for railway commissioner. Enclosed with the necessary filing papers was a letter signed by the plaintiff which contained the following: "Due to the fact that there will be another Larson on the Primary Ballot, I am requesting that my address be placed on the ballot as follows:—M. A. Larson Central City, Nebraska." Plaintiff alleges, also, that he informed John B. Quinn, deputy secretary of state, by telephone and letter of his desire to be identified on the ballot as "M. A. Larson, Central City, Nebraska."

It is alleged that the defendant officers violated the provisions of section 32-1175, Comp. St. Supp. 1941, and the terms of their surety bonds by willfully, maliciously, negligently and carelessly refusing and neglecting to comply with said request. As a result it is alleged that the defendant officers caused ballots to be printed in all counties of the state for the primary election held on August 11, 1942, without such requested designation appearing thereon. Plaintiff further alleges that he was well known over the state as M. A. Larson of Central City, Nebraska, and as a result of the failure of the defendant officers to comply with his request as required by section 32-1175, he was prevented and deprived of receiving all the votes intended for him.

The petition alleges that because of the resulting confusion of candidates, plaintiff was deprived of the Republican nomination for railway commissioner, that one John Knickrehm received the Republican nomination as a result thereof, and that said Knickrehm was elected to said office at the general election held on November 3, 1942. Plaintiff concluded his petition with a prayer for judgment for·damages in the sum of $30,309, with interest and costs.

The sole question for our consideration is the correctness of the court's order in sustaining the demurrer to plaintiff's petition. In determining this question we will treat all pleadings of fact contained in the challenged petition and every reasonable and fair intendment which can be drawn therefrom as true.

The statute alleged to have been violated by the defendant officers provides in part as follows: "When two or more of the surnames of candidates for the same office are the same in spelling or sound, the Secretary of State * * * may on request of either of such candidates print on the ballot immediately after his or her name in not to exceed five words the post office address and occupation of such candidate." Comp. St. Supp. 1941, sec. 32-1175.

It is urged that no liability on the part of the defendant officers exists because of a breach of the duty imposed by the statute for the reason that such duty is permissive and discretionary only. This contention is largely based on the language of the statute in providing that the secretary of state *may* under certain conditions print the post-office address and occupation after the name of the candidate on the ballot. That the use of the word "may" means "shall" under such circumstances and imposes a positive duty cannot be questioned. The rule seems to be that where a public officer has been clothed by statute with power to do an act which concerns the public interest or the rights of third persons, the execution of the power may be insisted on as a duty, although the wording of the statute is permissive merely and not peremptory. We are of the opinion therefore that the statute imposes a positive duty upon the sec-

retary of state to perform the acts required by such statute when conditions exist which make the statute applicable.

It is contended by the defendants that when the secretary of state is requested by a candidate to have a designation placed after the candidate's name on the election ballot he is required to exercise judgment and discretion and, consequently, is exempt from liability because of the judicial character of the act. We think the duty prescribed by the statute was ministerial and that the contentions of defendants to the contrary cannot be sustained under the law.

A ministerial act has been defined as one performed in response to a duty which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion. Mechem, Public Officers, 442. The fact "that a necessity may exist for the ascertainment, from personal knowledge, or from information derived from other sources, of those facts or conditions, upon the existence or fulfillment of which, the performance of the act becomes a clear and specific duty, does not operate to convert the act into one judicial in its nature." *First Nat. Bank of Key West v. Filer*, 107 Fla. 526, 145 So. 204. See, also, *Grider v. Tally*, 77 Ala. 422.

Defendants urge that the duty imposed by the statute under consideration is a duty owing solely to the public and not to the particular candidate. We agree that if the duty is owing solely to the public, an individual has no right of action against an officer for a breach thereof. *McConnell v. Dewey*, 5 Neb. 385; *School District v. Burress*, 2 Neb. (Unof.) 554, 89 N. W. 609; *Wilson v. Spencer*, 91 Neb. 169, 135 N. W. 546. But when the statute, as here, invests an individual with a direct interest and the legal right to require its performance, an officer may be required to respond in damages for the breach of the duty owed to such individual. It is only where the duty is owing solely to the public that the public officer who fails in performing the duty is exempted from liability. The rule is aptly stated by an au-

thoritative text writer as follows: "So it is immaterial that the duty is one primarily imposed upon public grounds and therefore a duty owing primarily to the public, if, notwithstanding, the individual has in it a distinctive and direct interest and the legal right to require its performance; the right of action springs from the fact that the private individual receives a special and peculiar injury from the neglect in performance against which it was in part the purpose of the law to protect him." Mechem, Public Officers, 448. We think the correct rule is that where a statute imposes on a public officer the performance of ministerial duties in which a private individual has a special and direct interest, the officer will become liable to such individual for damages which he may proximately sustain in consequence of the failure or neglect of such officer to perform the duty or to perform it properly. *Fidelity & Deposit Co. v. Cone,* 138 Fla. 804, 190 So. 268.

That the plaintiff had a special and direct interest in the performance of the ministerial act by the secretary of state is self-evident from a reading of the statute. It is a candidate who meets the conditions prescribed by the statute who may require the performance of the ministerial duty by the secretary of state. The fact that it is left to the candidate affected to invoke the provisions of the statute, evidences legislative recognition that the candidate who comes within its provisions has a direct interest in its enforcement. We are convinced therefore that plaintiff has stated a cause of action in his petition and that the demurrer thereto should have been overruled.

In the case at bar there was a clear legal duty on the part of the defendant officers to designate the post-office address after plaintiff's name on the ballot. Public officers must be held to a faithful performance of their ministerial duties, and where a private individual has a special and direct interest, the officer becomes liable in damages for any injury which he may proximately sustain in consequence of his breach of duty. Ordinarily where there is a wrong there is a remedy, and where a public officer disregards his minis-

terial duties he becomes liable to individuals who sustain special damages because of a breach thereof. *Horner v. Terpin*, 63 S. Dak. 309, 258 N. W. 140; *Amy v. The Supervisors*, 11 Wall. 136, 20 L. Ed. 101; *State v. Title Guaranty & Surety Co.*, 27 Idaho 752, 152 Pac. 189.

Complaint is made that the damages alleged are not properly recoverable in an action such as we have before us. A petition is not vulnerable to general demurrer merely because the extent of recovery is not correctly alleged or the correct measure of damages set out. In *Horner v. Terpin, supra*, the court in discussing this subject said: "There was an absolute right in the plaintiff to have the particular duty performed. The complaint alleges a breach of duty by the treasurer within the terms of each of the bonds given as required by statute for the faithful performance of the duties of his office, entitling plaintiff at least to nominal damages. * * * We express no opinion as to the measure of damages. A demurrer to a complaint which states a cause of action presents no question as to the extent of the recovery to be had or the rule that shall govern in measuring the damages." We conclude therefore that plaintiff, if the allegations of his petition be true, has suffered an injury at the hands of the defendant officers which would entitle him to recover all damages proximately resulting therefrom and which, in any event, would entitle him to a judgment for nominal damages. "Nominal damages may be recovered where a cause of action for a legal wrong is established, but there is no proof of actual damages." 25 C. J. S. 466.

Plaintiff alleges that he expended $309 in making his campaign for the Republican nomination for railway commissioner and that this is a damage resulting proximately from the injury sustained. He also alleges that he has been damaged to the extent of $30,000, the total of six years' salary at $5,000 a year. It is fundamental that plaintiff can recover only such damages as proximately result from the injury inflicted. The injury in the present case is the result of the failure of the defendant officers to designate the post-office address of plaintiff on the primary election

ballot. He is in no position to claim damages because he was not nominated for the office of railway commissioner because such damage cannot be shown to be the proximate result of the breach of duty on the part of the defendant officers. The question whether the expenses incurred in making his primary election campaign is an injury proximately resulting from the breach of duty charged may be dependent upon the nature of the evidence produced with reference thereto. The evidence not being before us, we are in no position to decide the question at this time.

We are of the opinion, however, that defendants are clearly right in their assertions that the salary claimed as damages is too remote and too speculative to be considered a damage proximately resulting from the breach of duty charged. In *Hill v. Carr*, 186 Ill. App. 515, the court said: "It is a well-settled principle of law that if any independent agency intervenes between the cause complained of and the injury inflicted, to which the injury might be attributable, then no recovery could be had as it would not be the proximate cause. Under these counts of the declaration it appears that an election was to be held in November following, for which the appellant must be voted for, and at which he must receive a requisite number of votes before he could obtain the office which he alleges he was deprived of, and if he had failed to receive a plurality of the votes he would have been deprived of the office. It appears to us that the cause alleged in these four counts is too remote from the acts of wilfulness complained of and that it cannot be said that the loss of this office was directly attributable to the acts of appellees in refusing to count such votes at the primary election, and we believe that the court did not err in sustaining the demurrer to these four counts and each of them." See, also, *Judd v. Polk*, 267 Ky. 408, 102 S. W. 2d 325; *Frank v. Eaton*, 225 App. Div. 149, 231 N. Y. Supp. 477.

We conclude that the petition states a cause of action and that the trial court was in error in sustaining defendants' demurrer and dismissing the action. The case is therefore

reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.