The State, ex rel. Roseboro, Appellant, *v.* Franklin County Board of Elections et al., Appellees.

[Cite as State, ex rel. Roseboro, v. Bd. of Elections (1972), 32 Ohio St. 2d 145.]

(No. 72-365—Decided December 13, 1972.)

*Mr. John S. Zonak,* for appellant.

*Mr. George Smith,* prosecuting attorney, *Mr. Tommy L. Thompson* and *Mr. William B. Shimp,* for appellees.

*Per Curiam.* It was stipulated that at about 3:00 p. m. on December 17, 1971, an agent of appellant phoned the board of elections to inquire whether the expense statement could be filed other than by the candidate personally bringing the same to the offices of the board. He was ad-

vised that the candidate must appear in the office no later than 4:00 p. m. on that day with his statement. Upon further discussion, this advice was repeated and the caller was informed that no alternate method of filing was acceptable. A few minutes thereafter, appellant himself telephoned the board and was given the same advice.

Such advice was erroneous. Nevertheless, in view of *State, ex rel. Jedlicka, v. Bd. of Elections* (1969), 20 Ohio St. 2d 13, these facts are insufficient to excuse appellant from the explicit time requirements of R. C. 3517.11.

However, it was further stipulated as follows:

"The Franklin County Board of Elections has, by written directive from the Secretary of State of Ohio, accepted expense statements as valid if mailed before 4:00 p. m. on the final day, even though not received in the office of the board of elections until the following day. The board of elections, did in fact, again this year [1971] accept such mailed expense statements as being timely filed."

The statute admits of no such deviation from its terms. But, to the extent that administrative practice departs from the strict terms of the statute so as to consider as valid a *filing* one day late simply because the document to be filed was deposited in the mail on the appointed day, and to deny as valid a filing actually made 24 minutes late on the appointed day, a clear denial of equal protection occurs. Cf. *State, ex rel. McIntyre,* v. *Mininni* (1972), 32 Ohio St. 2d 17.

Yet, to reverse the judgment of the Court of Appeals in this case would be to enlarge the original jurisdiction of that court. The record shows that a timely opinion was delivered by that court on April 11, 1972. Judgment was not entered until April 28, 1972, and the notice of appeal to this court was not filed until May 12, 1972, ten days after the primary election of 1972. In view of this record, appellant admits that the cause is moot insofar as appellant's candidacy for county central committeeman is concerned, but he pursues this appeal to remove the decision of the board (and its affirmance by the court below) dis-

qualifying him from any candidacy for the ensuing five years. This branch of the relief sought is appropriate in an action for a declaratory judgment, jurisdiction of which is not conferred upon the Court of Appeals or upon this court, but it is inappropriate in an action for mandamus.

For this reason alone, the appeal is dismissed *sua sponte.*

*Appeal dismissed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN, LEACH and BROWN, JJ., concur.

CORRIGAN, J., concurs in the judgment dismissing the appeal.