Chris OPHEIM and Laila Opheim, husband and wife, Appellants (Plaintiffs below),

v.

UNITED MOBILE HOMES, INC., a Colorado Corporation, Appellee, (Defendant below),

and

Champion Home Builders Co., a Michigan Corporation, (Defendant below).

No. 4162.

Supreme Court of Wyoming.

July 20, 1973.

William D. Bagley, Cheyenne, for appellants (plaintiffs below).

John A. Sundahl and Paul B. Godfrey, Cheyenne, for appellee (defendant below).

Before PARKER, C. J., and McEWAN, GUTHRIE and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

The Opheims sued Champion Home Builders Co., manufacturer, and United Mobile Homes, Inc., distributor, asking $1,153 for required repairs and $10,000 for embarrassment and inconvenience because of alleged imperfections in a mobile home purchased by plaintiffs from United. The suit was in two counts, one for negligent design, engineering, fabrication, assembly, and inspection of the product, and the other for breach of both express and implied warranties. The defendants denied generally; and the matter came on for hearing before the court without a jury,[1] resulting in a general finding for defendant, United, and a judgment that plaintiffs take nothing. The Opheims have appealed, urging error in the court's failure to find a breach of warranty both express and implied and negligence on the part of defendant United and in finding generally against plaintiffs, considering the admitted and undisputed evidence that defendant United's breach of warranties and negligence had damaged plaintiffs.

Although the parties devote considerable attention in the briefs to the facts, we see little necessity for delineating, other than

1. Prior to the trial a settlement with plaintiffs was made by Champion, and the complaint against it was dismissed.

generally, the occurrences spelled out by the testimony. Suffice to say that the plaintiffs in January 1970 bought a "double wide," sixty-foot mobile home from United for a base price of $10,000, $2,000 down, and the balance in 120 monthly installments of $126.87 each. Plaintiffs testified that soon after the purchase they made complaint about defects, including cabinet work, drawers, doors, nonoperating toilets, etc., some of which were later remedied, more or less to plaintiffs' satisfaction, by defendants. In May, during a rainstorm, a rather bad leak developed in the center seam (where the two portions of the mobile home were attached to constitute a "double wide") and after some difficulty this was repaired. The evidence is somewhat unclear as to dates, but it seems to be undisputed that plaintiffs were in arrears in their payments when they say they complained about the defects and that United agreed to make the repairs, provided the payments be brought up to date. At one time when plaintiffs were in arrears (according to their testimony they were trying to force repairs), United brought a replevin action which was settled by the Opheims' bringing their payments up to date, paying certain costs, and United's making certain repairs and adjustments. Later the Opheims sold the mobile home to purchasers for the amount of the payments remaining unpaid.

■ The burden of the appeal is that the evidence, admissions, and undisputed testimony showed both a breach of warranties under the provisions of §§ 34–2–314 and 34–2–315, W.S.1957, 1973 Cum.Supp., and negligence of defendant United so that the decision should be reversed and the cause remanded for an assessment of damages. Defendant United responds that if the plaintiffs did actually have any complaint it was cured and corrected by a repairman from Champion before the trial

actually started and that no damages were proved since the plaintiffs could not in all honesty really say during the trial that they did have damages, the evidence clearly showing that anything which did vary from the standard was corrected or cured by one of the defendants. Although United argues the additional point that in the replevin suit against the plaintiffs the Opheims did not raise the defects of which they now complain as a counterclaim, we note the apparent settlement of that action without its proceeding to judgment, hence plaintiffs' claim would not now be barred for that reason.

A careful review of the record shows that only minor matters occurred after the mobile home had been assembled on the buyers' lot in late January 1970[2] until the first rain of the spring in May 1970, when a leak in the center seam occurred for the full sixty-foot length of the home. At Mrs. Opheim's request Moore went up on the roof but made no repairs. Later, after plaintiffs hired an attorney, United did cause certain repairs to be made to the roof but no satisfactory repair was made until after the instigation of the present suit, Champion's repairman then finding— well over a year after the initial problem with the roof—that the stripping, the material which ran the full length of the trailer, had not had the protective paper on both sides removed and thus there had been no adherence to the metal.

■■ Unfortunately we have before us only the general findings of the court for defendant United and are therefore unaware of whether the trial court found there had been no breach of warranties nor negligence of defendant United or whether it found there had been such breach or negligence but there was no proof of damages. While mere uncertainty as to the amount of damages does not preclude the right of recovery,[3] we have in this jurisdic-

---

2. Installation was made by Walter Moore, who worked for United, United's Cheyenne representative indicating Moore was not an independent contractor and that United would take liability on complaints of his work.

3. Blakeman v. Gopp, Wyo., 364 P.2d 986, 991; 22 Am.Jur.2d Damages, § 25.

tion recognized the general principle that remote, uncertain, conjectural, or speculative damages are not allowed.[4] A thorough search of the record discloses no evidence demonstrating the amount of the damage which plaintiffs claim to have suffered by reason of either negligence or breach of warranty of United, and any amount which could be set either by the trial court or here would be wholly speculative. In that respect, we do not overlook an allusion made in the oral argument to a fee paid by plaintiffs to their attorney, but no authorities or cogent argument is presented substantiating this item as a valid basis for relief.

Affirmed.

4. Colorado Kenworth, Inc., v. Archie Meek Transportation Co., Wyo., 495 P.2d 1183, 1185.