STATE of Wyoming upon the relation of
Seldon S. WILLIS, Appellant,

v.

Eva E. LARSON, County Clerk, Park
County, Wyoming, Appellee.

No. 4463.

Supreme Court of Wyoming.

Aug. 22, 1975.

Melvin M. Fillerup, Cody, for appellant.

David B. Kennedy, Atty. Gen., Timothy J. Judson, Sp. Asst. Atty. Gen., Cheyenne, and Daniel R. Spangler, County Atty., Park County, Cody, for appellee.

Before GUTHRIE, C. J., and Mc-CLINTOCK and THOMAS, JJ.

THOMAS, Justice.

In 1971 the Legislature of the State of Wyoming enacted, and the Governor approved, Chapter 214 of the Session Laws

of Wyoming. This is an act relating to the maintenance and operation of the justice of peace court system, and by § 1 of Chapter 214, S.L. of Wyoming, 1971, a requirement was imposed that a person be authorized to practice law in Wyoming in order to be eligible for election to the office of justice of the peace. This provision was codified as § 5–99.1, W.S.1957, 1975 Cum.Supp. Prior to the adoption of this provision the only statutory qualification (found in § 5–90, W.S.1957) for holding the office of justice of the peace was that he "* * * shall reside in the precinct where he resides at the time of his election or appointment." Section 41 of Chapter 214, S.L. of Wyoming, 1971, provided that the Act, and the repeal of any provisions by the terms of the Act, should become effective January 1, 1975.

Seldon S. Willis, having been duly elected, was serving as a justice of the peace in Park County, Wyoming, during 1974. Sometime prior to June 3, 1974, Willis, in a conversation with Eva A. Larson, the County Clerk for Park County, Wyoming, informally tendered his filing fee to become a candidate in the 1974 primary and general elections for the office of justice of the peace. The County Clerk declined the filing fee, and on June 3, 1974, by a letter from his attorney to the County Clerk, Willis formally tendered the filing fee for the office of justice of the peace in Park County, Wyoming, and requested that his name be placed upon the ballot. This letter postulated that Willis was qualified as a candidate because the requirement that a person be authorized to practice law in Wyoming was not effective until January 1, 1975, the effective date of the new statute. In a letter dated June 12, 1974, the County Clerk refused to accept Willis' check for the filing fee or his nomination for the office of justice of the peace. The County Clerk relied upon an opinion of the Attorney General of the State of Wyoming to the effect that candidates for the office of justice of the peace in the elections held in 1974 must be

authorized to practice law in Wyoming. 1974 Op. Wyo. Att'y Gen., No. 14, p. 71.

Willis, continuing to contend that he was entitled to be a candidate for the office of justice of the peace until the effective date of the new statute, filed a petition for Writ of Mandamus in the District Court of Park County, Wyoming, on June 17, 1974. In the Prayer for Relief Willis requested an Order to Show Cause directed to the County Clerk requiring her to appear and show cause why a Writ of Mandamus should not be issued ordering her to accept his filing fee as a candidate for the office of justice of the peace for the primary and general elections to be held in 1974. In addition, he claimed damages in the sum of $10,000 because of her refusal to accept his filing for the office of justice of the peace. On June 17, 1974, the Order to Show Cause was issued, and on June 24, 1974, the Answer of the County Clerk, as respondent, was filed.

The case was heard by the Court on June 25, 1974, and at that time permission was granted to Willis to amend the complaint so as to pray for damages in the amount of $28,800, representing the four year salary at the rate of $7,200 per year, in lieu of the $10,000 previously requested as damages. No evidence was introduced with respect to the issue of damages. We may assume that the District Court judicially noticed for evidentiary purposes the salary provided by statute. There is no evidence tending to establish the causal relationship between the acts of the County Clerk which are complained of and the damages claimed.

On August 8, 1974, the District Court entered its Order denying the Petition for Writ of Mandamus, and on August 13, 1974, Willis filed his notice of appeal to this Court. The case was docketed in this Court on September 3, 1974, and the appellant's brief was filed October 22, 1974. The brief of the appellee was filed on November 5, 1974, the same date that the general election was held.

■ In arguing his appeal Willis conceded that it would be of no help to him for the election, held on November 5, 1974, to be set aside because the office which he sought would become vacant, and he could not now be a candidate for that office. The holding of the general election on November 5, 1974, made moot the issues presented in the relief sought by the Petition for Writ of Mandamus, and if the right to relief by mandamus were the only issue presented in this appeal, the case could be dismissed as moot. *Brockington v. Rhodes,* 396 U.S. 41, 90 S.Ct. 206, 24 L. Ed.2d 209 (1969); *Zeilenga v. Nelson,* 4 Cal.3d 716, 94 Cal.Rptr. 602, 484 P.2d 578 (1971); *Smith v. Evans,* 42 Cal.App.3d 154, 116 Cal.Rptr. 684 (1974); *State ex rel. Angelicchio v. Indiana State Election Board,* 251 Ind. 525, 242 N.E.2d 635 (1968); *State ex rel. Roseboro v. Franklin County Board of Elections,* 61 Ohio Op.2d 391, 32 Ohio St.2d 145, 290 N.E.2d 575 (1972). The rationale of these authorities is consistent with prior decisions of this Court in analogous circumstances. *State ex rel. Whitehead v. Gage,* Wyo., 377 P.2d 299 (1963); *State ex rel. Pond v. Copenhaver,* 76 Wyo. 326, 301 P.2d 1066 (1956).

■ Willis did not, however, waive his claim for damages. The courts which have considered the right of an individual to bring an action for damages against the election officer under similar circumstances have generally recognized the right to sue.[1] The County Clerk appropriately is named as a defendant as the chief election officer of the county and because of her statutory duty to print the official ballots. §§ 22.1–5 and 22.1–85, W.S.1957, 1975 Cum.Supp. The County Clerk does not here argue that such an action cannot be brought. Willis contends that the County Clerk unlawfully refused to accept his filing fee and place him on the ballot in the primary and general elections in 1974, and that in so doing she accelerated the effective date of Chapter 214, S.L. of Wyoming, 1971, which she had no authority to do. He urges this Court to reverse the judgment in this case with instructions to award him damages. The County Clerk in meeting this contention argues concepts of statutory construction which would justify the refusal to accept Willis' filing fee and the denial of a place on the ballot in light of the obvious intention of the legislature. The County Clerk also asserts that the damages sought in this case are too speculative to justify relief, and cites in support of this proposition generally the case of *Opheim v. United Mobile Homes, Inc.,* Wyo., 511 P.2d 1289 (1973), in which this Court said at p. 1290:

" * * * [W]e have in this jurisdiction recognized the general principle that remote, uncertain, conjectural, or speculative damages are not allowed. * * *"

In *Larson v. Marsh,* 144 Neb. 644, 651, 14 N.W.2d 189, 193, 153 A.L.R. 101 (1944), the Supreme Court of Nebraska said:

"We are of the opinion, however, that defendants are clearly right in their assertions that the salary claimed as damages is too remote and too speculative to be considered a damage proximately resulting from the breach of the duty charged. * * *"

In support of this proposition the Court cited *Hill v. Carr,* 186 Ill.App. 515 (1914), in which that Court held that an election to be held in the future was an independent agency intervening between the cause complained of and the injury alleged, and that under such circumstances the failure of the election officer was not the proximate cause of the injury claimed, that is, loss of the emoluments of the office. See *Hallahan v. Ferguson,* Ky., 492 S.W.2d 876

---

1. *Stradford v. Reinecke,* 6 Ill.App.2d 537, 128 N.E.2d 588 (1955); *Judd v. Polk,* 267 Ky. 408, 102 S.W.2d 325 (1937); *Larson v. Marsh,* 144 Neb. 644, 14 N.W.2d 189, 153 A.L.R. 101 (1944); *Schwartz v. Heffernan,* 304 N.Y. 474, 109 N.E.2d 68 (1952); *Frank v. Eaton,* 225 App.Div. 149, 231 N.Y.S. 477 (1928). See Annot., 153 A.L.R. 109, at p. 148 (1944).

(1973). In this case, the fact of the future election prevents Willis from claiming as damages the loss of the salary for the four year term, but that does not permit us to conclude the case.

■ If the County Clerk failed to perform a duty owed to Willis that failure would justify recovery of nominal damages. *Hill v. Carr, supra; Larson v. Marsh, supra.* This is in accord with the general rule to the effect that nominal damages can be awarded where a cause of action for a legal wrong is established even though there is no proof of actual damages. 25 C.J.S. *Damages* § 9, p. 638 (1966). See *Cody Community Television Corp. v. Way,* Wyo., 356 P.2d 1113 (1960); *Wilson v. McLogan, Inc.,* 34 Wyo. 299, 242 P. 1111 (1926); *Harmony Ditch Co. v. Sweeney,* 31 Wyo. 1, 222 P. 577 (1924).

Both parties contend that the propriety of the County Clerk's action depends upon the intention of the legislature in enacting Chapter 214, S.L. of Wyoming, 1971. Willis contends that the adoption of an effective date of January 1, 1975, is clear, unambiguous, obvious, and not subject to any other construction. Pursuing this theme Willis contends that since the old qualifications were in effect as of the time of the election in 1974, he was entitled to be a candidate for office of the justice of the peace. The County Clerk argues that considering the obvious purpose of the new legislation the legislature must have intended that insofar as possible those persons holding the office of justice of the peace in Wyoming after January 1, 1975, should be authorized to practice law in Wyoming. Consequently, it cannot be said that the legislature intended for a nonlawyer to be elected in 1974 to begin serving in office after the effective date of the new statute.[2]

In the light of authorities that have come to the attention of the Court the question presented in this case is the effect of a change in qualifications for public office which occurs between the date of the election held for that office and the date that the term of office begins.

■ The general rule with respect to public officers is that eligibility to the office is a continuing requirement, and an officer who is qualified at the time of the election but who is not qualified at the time of the commencement of his term cannot hold the office. Annot. 88 A.L.R. 812, 828 (1934); 63 Am.Jur.2d, *Public Officers and Employees,* § 42, p. 654 (1972). The rules relating to public officers generally are applicable in the case of judicial officers. *Ballantyne v. Bower,* 17 Wyo. 356, 99 P. 869, 17 Ann.Cas. 82 (1909); 46 Am.Jur.2d, *Judges,* § 7, p. 100 (1969). In construing a statute providing that no person shall be eligible for election or appointment as county judge, who, at the time of his election or appointment, is not "an attorney of a court of record," the Supreme Court of Wisconsin stated:

> "While this statute by its language provides that such qualification shall exist at the time of election or appointment, still there can be no question but that such qualification is a continuing one; that is, it must subsist during the entire term of office. * * *" *State ex rel. Fugina v. Pierce,* 191 Wis. 1, 209 N.W. 693 (1926).

The Wisconsin Court then held that since the certificate of admission to the Bar of the Supreme Court of Wisconsin which Pierce possessed at the time of his election to office, and at the time he assumed office, had subsequently been declared improperly issued, Pierce no longer was entitled to hold the office of county judge. See also *State ex rel. Willis v. Monfort,* 93 Wash. 4, 159 P. 889 (1916).

An even more dramatic instance is found in the state of Florida. Pursuant to a provision of the Florida Constitution the Gov-

---

2. The effective date of the term of office for those elected to the office of justice of the peace in Wyoming in 1974 was January 6, 1975. Art. 6, § 17, Wyo.Const.; § 22.1–9, W.S.1957, 1975 Cum.Supp.; *Ballantyne v. Bower,* 17 Wyo. 356, 99 P. 869, 17 Ann.Cas. 82 (1909).

ernor requested an advisory opinion of the Justices of the Supreme Court of Florida with respect to a situation in which a candidate was elected to the office of circuit judge, and at the same election an amendment to the Florida Constitution was voted upon and passed by the electorate which changed the qualifications for that office. The candidate was not qualified according to the amendment to the constitution, although he was qualified under the requirements extant prior to the election. The advisory opinion of the Florida Supreme Court was that, since the candidate did not possess, nor could he possess, the qualifications required by the amendment prior to the date established for him to be qualified in office, the Governor should not sign his commission for that office. In re Advisory Opinion to the Governor, Fla., 192 So. 2d 757 (1966).

Even though Willis may have been qualified according to the statute in effect at the time of the general election in 1974, the qualifications for election to the office of justice of the peace were changed by Chapter 214, S.L. of Wyoming, 1971, and those changes became effective prior to the date of the commencement of the term of office to which Willis sought to be elected. Willis would not have been qualified as an elected justice of the peace under the statute in effect at the time of the commencement of that term, and the County Clerk acted properly in refusing to accept his filing for the office of justice of the peace. To permit the candidacy, and perhaps the election, of an individual for any public office who would not be qualified to hold that office after he had been so elected, would frustrate the democratic process represented by the electoral system in this state. It would result in the unwarranted expenditure of public funds for such elections, which would be of no efficacy, and, as might have been true in this instance, in the expenditure of funds on behalf of the candidate for election to an office which he could not hold.

In creating this new justice of the peace court system in 1971 the legislature was confronted with the task of attempting to enhance the qualifications of justices of the peace in Wyoming while at the same time providing for the furnishing of justice court services in those areas where it appeared that it was not possible to have an attorney serve as justice of the peace. In resolving the problems presented by this task, the legislature provided for a tandem system of filling the offices of justices of the peace. It initially provided that in order to be eligible for election to the office the candidate must be authorized to practice law in Wyoming (Chapter 214, § 1, S. L. of Wyoming, 1971), and then it further provided that if no qualified person had been elected the county commissioners should appoint someone to serve (Chapter 214, § 2, S.L. of Wyoming, 1971). In using the words, "eligible for election," the legislature was concerned with distinguishing the elective situation from the appointive situation, and perhaps did not even realize that its language might be read as specifying a point in time at which the candidate must possess the prescribed qualifications. The conclusion that the legislature would intend for the qualifications of the elected candidate to be continuing to the date of holding of the office is the only reasonable interpretation. We are satisfied that our decision is in accord with the intention of the legislature manifested by the language used and viewed in the light of the objects and purposes to be accomplished. See *School Districts Nos. 2, 3, 6, 9, and 10 v. Cook*, Wyo., 424 P.2d 751 (1967); *Hoffmeister v. McIntosh*, Wyo., 361 P.2d 678 (1969).

The judgment of the trial court is affirmed.