REQUESTED BY: Rodney W. Schwasinger, Keith County Attorney, Ogallala, Nebraska.
Is it the duty of the county attorney to prosecute a violation under the state statute when it occurs within city limits where an ordinance covers the same offense or may the county attorney refuse to file the same and direct the city attorney to prosecute or not prosecute the matter as he sees fit?
The county attorney has the duty to prosecute when in possession of sufficient evidence to warrant the belief that the person is guilty and can be convicted.
Section 23-1201, R.R.S. 1943, provides in part as follows:
 "It shall be the duty of the county attorney, when in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor, to prepare, sign, verify, and file the proper complaint against such person and to appear in the several courts of his county and prosecute the appropriate criminal proceeding on behalf of the state and county. . . ."
It will be noted that in the foregoing portion of the statute setting forth the county attorney's duties, the only qualifier as to whether or not the county attorney shall prepare, sign, etc. a complaint and prosecute the same is whether or not he is in possession of sufficient evidence to warrant the belief that a person is guilty. There is nothing said in this statute, or in any other, which indicates the county attorney may be relieved of this duty by directing prosecution to a city attorney or because the acts constituting the violation occurred within the limits of a city.
In our opinion, the foregoing duty is mandatory when the requisite evidence is present. In a case involving construction of the word `may' in a statute authorizing a state officer to perform certain acts, the Supreme Court of Nebraska stated:
 ". . . The rule seems to be that where a public officer has been clothed by statute with power to do an act which concerns the public interest or the rights of third persons, the execution of the power may be insisted on as a duty, although the wording of the statute is permissive merely and not peremptory. . . ." Larson v. Marsh, 144 Neb. 645, 647, 14 N.W.2d 189 (1944).
Section 23-1201, quoted in part above, is much clearer than the situation before the Supreme Court in the above case; the county attorney has no discretion in performance of the duty except as specifically stated in the statute.
There is no legal connection, statutorily or otherwise, between a city attorney and a county attorney; neither is there any distinction made in the law in the treatment of a violation of a state law whether or not it occurs within the city limits or outside. If the county attorney is able to work out a system, as a matter of cooperation, with city authorities so that the city prosecutes certain acts occurring within the city limits, the county attorney may then be relieved of his duty as to said acts under section 23-1201 because he may no longer be `in possession of sufficient evidence to warrant the belief that a person is guilty and can be convicted of a felony or misdemeanor.' On the other hand, if a city repealed all its ordinances which duplicated state law or refused to prosecute violations of city ordinances, the county attorney would have no legal standing in such case to refuse to perform his duty under section23-1201. Whether or not the city, or the city attorney, would be derelict in some duty in such a situation has no relationship to nor legal consequence on the question of the duty of the county attorney.