REQUESTED BY: Scott Moore, Nebraska Secretary of State Chairman, Nebraska Collection Agency Licensing Board
In your opinion request letter, you state that a question has recently arisen concerning the qualifications of one of the current members of the Nebraska Collection Agency Licensing Board (the "Board."). Under Neb. Rev. Stat.§ 45-603 (1993), that board is made up of the Secretary of State as chairperson, together with four additional members appointed by the Governor for four year terms. Three of those additional members, in turn, "shall be licensees actively engaged in the collection business in this state." You indicate that, "one of the appointed members (whose term is up in September of 1997) [recently] retired from active participation in the collection business." You then ask, "[d]oes the retired member remain legally qualified to serve on the board by virtue of his participation in the industry at the time of his appointment, or was he disqualified at the time he retired?"
Our research has disclosed no cases from the Nebraska Supreme Court which directly consider whether eligibility requirements such as the industry participation in the present instance apply only at the time of appointment, or are continuing. Nor are there previous opinions of this office which consider that question. However, the general rule from other jurisdictions appears to be that eligibility to public office is of a continuing nature, and must exist both at the commencement of the officer's term, and during the occupancy of the office.State of Wyoming ex rel. Willis v. Larson, (Wyo.)539 P.2d 352 (1975); State ex rel. Repay v. Fodeman,30 Conn. Sup. 82, 300 A.2d 720 (Super. Ct. 1972); State exrel. Fugina v. Pierce, 191 Wis. 1, 209 N.W. 693 (1926); P. H. Vartanian, Annotation, Time as of which eligibility orineligibility to office is to be determined, 88 A.L.R. 812 (1934); 63 Am. Jur. 2d PublicOfficers and Employees § 42. As a result, based upon that authority and application of the general rule, we believe that the member of the Board who apparently ceased his active participation in the collection business in Nebraska upon retirement became ineligible for service on the Board at that time.
You also ask in your opinion request letter, "[s]ince there are no specific statutes governing removal from the [collection agency licensing] board in chapter 45, is there a legal procedure for removing board members who are not qualified?"
It appears to us that there are two possible legal procedures for removing board members who are not qualified, neither of which involves action by the Collection Agency Licensing Board itself. First of all, Art. IV, § 10 of the Nebraska Constitution, which deals with the appointment power of the Governor, provides, in pertinent part:
 The Governor shall have power to remove, for cause and after a public hearing, any person whom he may appoint for a term except officers provided for in Article V of the Constitution [judicial officers], and he may declare his office vacant, and fill the same as herein provided as in other cases of vacancy.
Since the Governor appointed the board member in question for a specific term under the applicable statutes, the provisions of Art. IV, § 10 would apply, and the member could be removed for cause and after a public hearing.
Generally, a showing of "cause" in connection with a constitutional or statutory provision authorizing removal of an officer "for cause" involves several elements: 1. there must be a legal cause for removal and not merely a cause which the governmental officer in authority may deem sufficient in the exercise of unlimited discretion, 2. there must be some cause affecting and concerning the ability and fitness of the official in question to perform the duties imposed upon him or her by the office, and 3. the cause must be one which the law and sound public policy will recognize as a cause for the official no longer occupying his or her office. Napolitano v.Ward, 317 F. Supp. 79 (N. D. Ill. 1970). Our Supreme Court has adopted a similar definition of "cause" in cases involving the dismissal of public employees for cause in Nebraska.Hammann v. City of Omaha, 227 Neb. 285, 417 N.W.2d 323
(1987); Levos v. Columbus Civil Service Commission,214 Neb. 507, 335 N.W.2d 262 (1983). In the present instance, it seems to us that the board member's ineligibility to serve because of his retirement from the collection business constitutes "cause" under the test set out above. In any event, removal by the Governor under Art. IV, § 10 would require a hearing, and could not be done on a summary basis.
This office could also file an action to remove the retired board member in question from the Board based upon the quo warranto statutes, Neb. Rev. Stat. §§ 25-21,121
through 25-21,148 (1989). Those statutes allow an action to be filed for removal of any person "unlawfully holding or exercising any public office or franchise within this state." Under §25-21,122, quo warranto actions against state officers or judges of the district court must be filed by the Attorney General.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg
Attorney General