Dear Senator Shields:
In a letter dated June 4, 2009, you submitted the following question to this office for response:
 Is the requirement under RSMo Section 205.970, that two directors "shall be related by blood or marriage within the third degree to a handicapped person," met if two directors had such a relative at the time of their selection as directors but the handicapped relative of one of the directors passes away prior to the end of such director's term?
Chapter 205 of the Revised Statutes of Missouri governs county sheltered workshops and developmental disability services. And § 205.970, RSMo, sets forth the qualifications and terms for the board of directors. Specifically, it provides as follows:
 [T]he governing body of the county or city not within a county shall appoint a board of directors consisting of a total of nine members, two of whom shall be related by blood or marriage within the third degree to a handicapped person as defined in section 205.968, [1] and four of whom shall be public members. At least seven of the board members shall be *Page 2 
residents of the county or city not within a county where the facility is located.
Section 205.970.1. The section goes on to establish that "all board members shall be appointed to serve for a term of three years, except that of the first board appointed." Id. (establishing terms of one, two, and three years for the first board, and therefore staggering the board terms).
The terms of board members are not tied to the criteria a board member may satisfy when appointed under § 205.970.1. Furthermore, the plain language of the statute does not provide that the term of a board member expires if they no longer satisfy the criteria under which they may have been appointed. Nevertheless, as set forth in Attorney General Opinion 116-2006, Missouri follows the rule adopted by a majority of states:
 The cases generally hold that when residence is a prerequisite to a given office then a change of residence vacates that office, absent a legislative expression to the contrary. . . . [W]hen a statute by its language provides qualifications for an office at the time of election or appointment `such qualification is a continuing one; that is, it must subsist during the entire term of office.'
Attorney General Opinion 116-2006, p. 4 (citing Dorf v. Skolnik,280 Md. 101, 115, 371 A.2d 1094, 1101-02 (Md. Ct. App. 1977) and quotingState ex rel. Fugina v. Pierce, 191 Wis. 1, 3, 209 N.W. 693 (1926)). Thus, the Attorney General opined in 116-2006 that "[i]f trustees of community college districts who are elected to represent subdistricts, and who must be residents of those subdistricts at the time of election pursuant to Section 178.820, RSMo 2000, move their residence from those subdistricts, those trustees are disqualified from the office of trustee." Id. at 5; see also Attorney General Opinion 81-72 (concluding that a trustee forfeits office if the trustee voluntarily moves).
The situation described in your question is different than that reviewed in Opinion 116-2006, in at least two significant ways. First, the action reviewed in Opinion 116-2006 was a voluntary change in residence akin to abandonment. In contrast, the situation described in this case is involuntary. The legislature could have easily contemplated that a board member may lose their handicapped relative to death. See
Attorney General Opinion 81-72 (analyzing a statute in which the legislature provided for replacement if a board chair decided to "remove from the town"). Yet, there was no *Page 3 
provision made for removing a board member based on the death of their handicapped relative. Which leads to the second significant difference from the situation reviewed in Opinion 116-2006.
Unlike the statute considered in Opinion 116-2006, § 205.970 actually sets forth specific grounds for removal. Section 205.970.8. Section205.970.8 provides an exclusive list for removal of a board member. Id.
The death of a handicapped relative is not one of the reasons for removal. This implicates the statutory construction maxim expressionunius est exclusion alterius, or "`the express mention of one thing implies the exclusion of another.'" Wolff Shoe Co. v. Dir. of Revenue,762 S.W.2d 29, 32 (Mo. banc 1988) (quoting Harrison v. MFA Mut. Ins.,607 S.W.2d 137, 146 (Mo. banc 1980)). Because there is an exclusive list of reasons for removal of a board member, it can be implied that the death of a handicapped relative does not result in the removal of a board member. For these reasons, the general rule should not apply to cut short an appointed term in the situation you describe.[2]
Once the next board term is completed, however (of which there should be three every year), the board position or positions must be filled so as to conform to the statutory criteria for the board.
 CONCLUSION
In conclusion, the death of a handicapped relative should not result in the removal of a board member under § 205.970. Thus, absent a statutory reason for removal, a board member should be permitted to complete their appointed term despite the death of a handicapped relative.
 Very truly yours,
 _________________________ CHRIS KOSTER Attorney General
[1] The definition of "handicapped person" in § 205.968 implies a living handicapped person (i.e. "who is" and "who has"), but the statute does not expressly require that a living handicapped relative is necessary to satisfy § 205.970.1.
[2] In the event that the board member described in your situation is determined to have forfeited the office because of the death of a handicapped relative, the actions of the board would remain valid as the board member would remain a de facto officer. See Attorney General Opinion 81-72.