(Decided June 28th, 1866.)

---

DANIEL R. MAGRUDER *vs.* WILLIAM H. TUCK.

QUALIFICATION OF JUDGE: OATH OF OFFICE,—WHEN TO BE ADMINISTERED: ARTICLE 68, SEC. 10 OF THE CONSTITUTION OF 1864, entitled, " Official Oaths " indicates that the commission is a prerequisite to the qualification of an officer where the law or Constitution requires one to be issued.

No clerk of Court has authority to qualify a person elected before he has been commissioned, for, in the absence of a commission, there would be no sufficient evidence of an election or appointment.

APPEAL from the Circuit Court for Anne Arundel county:

Petition filed by the appellant on the 13th of February, 1866, praying for an order requiring the appellee to show cause, by a day certain, why a writ of *mandamus* should not issue commanding him to surrender up and deliver possession of the office of Circuit Judge of the Second Judicial Circuit of the State of Maryland to the petitioner. The case

28     v. 25.

is stated in the opinion of this Court. The appeal is from an order of the Court below, (REVERDY JOHNSON, Jr., Special Judge,) dismissing the petition for *mandamus.*

The cause was heard before BOWIE, C. J., BARTOL, GOLDS- BOROUGH, and WEISEL, J. Being submitted on the arguments reported in the preceding case of *Magruder vs. Swann.*

*Thos. S. Alexander and Alexander B. Hagner,* for the appellant :

*Wm. Price and Frank H. Stockett* for the appellee :

BOWIE, C. J., delivered the opinion of this Court :

In the preceding case of the *Appellant vs. Thomas Swann, Governor of Maryland,* all the points made in the present case have been considered and decided with the exception of the objection peculiar to this, that the petitioner, not having received his commission from the Governor, could not be legally qualified by the clerk of Calvert county, and until so commissioned and qualified was not entitled to the possession of the office.

It will be seen from the decision in the case *vs.* the Governor, that the Constitution requires a commission to be issued to the person elected to the office of judge. No clerk has authority to qualify a person before he has been commissioned.

The 10th sec., Art. 68, entitled "official oaths," indicates that the commission is a prerequisite where the law or Constitution requires one to be issued : "Any person, whether elected or appointed to office, who shall decline or neglect to take and subscribe the oaths prescribed by the Constitution or by law or ordinance, for the period of thirty days from the day when the commission of such officer has been received at the office of the respective clerks, or in those cases in which no commission is sent to the clerks, or within thirty days after receiving his commission or notice of his appoint-

ment, shall be deemed to have refused acceptance of said office. In the absence of such a commission, the clerk could have no sufficient evidence of an election or appointment, and consequently no right to administer the oaths of office. For this reason the petitioner must fail in his application for a *mandamus* in this case, and the order of the Court below will be affirmed.

*Order affirmed.*

(Decided June 28th, 1866.)