Dear Martin O'Malley
You have asked for our opinion concerning the issuance of a commission for a position on the Orphans' Court for Baltimore City. At the election this past November, the voters approved a constitutional amendment that requires judges of the Orphans' Court for Baltimore City to be members of the Maryland bar. At the same election a candidate not admitted to practice law in Maryland received a sufficient number of votes to be elected to the Orphans' Court for Baltimore City. You ask whether the State Constitution permits the issuance of a commission to that individual under these circumstances.
In our opinion, the issuance of a commission in these circumstances would be at odds with the Maryland Constitution. Accordingly, the commission should not be issued.[1]
 I Background
A. Constitutional Qualifications for Orphans' CourtJudges
Until recently, the only constitutional qualifications to be a judge of an Orphans' Court in 21 counties and Baltimore City were *Page 210 
citizenship and residence in the jurisdiction for at least one year preceding the election.[2] Maryland Constitution, Article IV, § 40. The Constitution did not require that Orphans' Court judges be members of the bar. Kadan v. Board of Supervisorsof Elections, 273 Md. 406, 329 A.2d 702 (1974). However, during its most recent session, the General Assembly enacted a constitutional amendment adding bar membership as a qualification for Orphans' Court judges in Baltimore City. Chapter 481, Laws of Maryland 2010. The relevant provision now reads:
 The qualified voters of the City of Baltimore shall elect three judges of the Orphans' Court for Baltimore City who shall be citizens of the State and residents, for the twelve months preceding, in Baltimore City and who have been admitted to practice law in this State and are members in good standing of the Maryland Bar.
Maryland Constitution, Article IV, § 40(b). The voters ratified the amendment at the November 2010 election and, in accordance with Article XIV, § 1, of the Constitution, the Governor proclaimed it effective on December 1, 2010.
 B. 2010 Election for Baltimore City Orphans' Court
At the November 2010 general election — the same election at which voters ratified the constitutional amendment concerning qualifications of Orphans' Court judges — the voters of Baltimore City elected three individuals as judges of the Orphans' Court. Two of the successful candidates were incumbent judges who are members of the Maryland bar. The third successful candidate, Ramona Moore Baker, is not admitted to practice law in Maryland.[3]
The Board of State Canvassers has certified the results of the election and the question is now presented as to whether a *Page 211 
commission may issue to Ms. Baker in light of the constitutional amendment.
 II Analysis
We address first the question whether the constitutional amendment precludes an individual from serving as a judge on the Orphans' Court for Baltimore City when the amendment was not effective at the time the individual ran for election. Second, we consider how the answer to that question affects the issuance of a commission to a successful candidate.
A. Whether Bar Membership is a Continuing Qualification
As outlined above, an individual must now be a member of the Maryland bar in order to be eligible to serve as an Orphans' Court judge in Baltimore City. The general rule is that eligibility for an office is a continuing requirement. It has been stated as follows:
 Eligibility to public office is of a continuing nature and must exist at the commencement of the term of office and during the occupancy of the office. The fact that a candidate may have been qualified at the time of his or her election is not sufficient to entitle him or her to hold the office, if at the time of the commencement of the term or during the continuance of the incumbency he or she ceases to be qualified.
63C Am.Jur.2d Public Officers andEmployees § 56 (2009) (emphasis added). See also 67 C.J.S.Officers and Public Employees § 25 ("One who is not eligible is not regarded as elected to office, although having received the highest number of votes cast . . ."). Although there are no Maryland cases directly on point, the Court of Appeals has employed the same reasoning to hold that the appointment of a person as a justice of the peace who failed to satisfy the constitutional requirements for the position was a *Page 212 
"nullity." Kimble v. Bender,173 Md. 608, 622-23, 196 A. 409 (1938).[4]
It might be argued that the language of the particular constitutional provision concerning qualifications of Orphans' Court judges limits its application to the time of election. In particular, in describing the qualifications of an Orphans' Court judge, Article IV, § 40 states that "[t]he qualified voters . . . shall elect" an individual with the specified qualifications.[5]
Even when a qualification for office is stated with respect to an election, it is usually deemed to be continuing in nature.Dorf v. Skolnik, 280 Md. 101, 115-16, 371 A.2d 1094 (1977); 80 Opinions of the Attorney General 269 (1995); see alsoState ex rel. Fugina v. Pierce, 209 N.W. 693 (1926) (membership in bar a continuing qualification for elected county judge, even though provision referred to qualifications "at the time of election").
The legislative history of the bill confirms that it was designed to codify the practice of having lawyers serve as Orphans' Court judges in Baltimore City. Proponents of the bill included the Maryland Association of the Judges of the Orphans' Courts, the Estate and Trust Law Section of the Maryland State Bar Association, and the Baltimore City delegation. Testimony in support of the bill noted that, for many years, the judges in Baltimore City had all been members of the bar and that the nature of the cases before that court required legal knowledge and analysis. See Letter to House Judiciary Committee from Maryland Association of the Judges of the Orphans' Courts concerning House Bill 417 (February 17, 2010). At *Page 213 
a hearing on the Senate version of the bill, proponents explained that it was designed to ensure that future judges would have similar legal training and to foreclose service by a lay person. Recording of hearing before Senate Judicial Proceedings Committee on Senate Bill 770 (March 9, 2010).
It would thus be consistent with both the usual construction of qualifications for office and with the purpose of the constitutional amendment to treat bar membership as a continuing qualification for Orphans' Court judges in Baltimore City.
B. Whether a Commission Should Issue
Once the results of an election are certified, the Governor issues commissions to the successful candidates and the candidates then take the oath of office. Maryland Constitution, Article IV, § 11; Magruder v. Tuck, 25 Md. 217 (1866). The issuance of a
commission by the Governor is a largely ministerial act.Magruder v. Swann, 25 Md. 173, 208-9. For example, if there is a contest over the results of an election of a judge, the Governor is to issue the commission and refer the contest to the House of Delegates. Maryland Constitution, Article IV, § 12; Ijams v.Duvall, 85 Md. 252, 36 A. 819 (1897).
In this instance, however, there is no contest over the election. There is no dispute that Ms. Baker garnered the requisite number of votes to win one of the three Orphans' Court seats at issue in the election. There is also no dispute that she lacks one of the constitutional qualifications for the position. Accordingly, as indicated above, she cannot serve as an Orphans' Court judge in Baltimore City. In these circumstances, the issuance of a
commission to her, although a ministerial act, would be at odds with the State Constitution.
The Florida Supreme Court considered whether a commission should issue in a case involving very similar facts. In re AdvisoryOpinion to the Governor, 192 So.2d 757 (1966). In that case, an individual was elected a circuit judge at the same election at which the voters ratified an amendment to the state constitution that rendered him ineligible for the position. (The amendment required that a judge have been a member of the state bar for at least five years; the candidate had been a member of the state bar for only four years). The court held that, given that the candidate no longer possessed the qualifications for the office, the Florida governor was *Page 214 
not authorized to sign a commission for the candidate.Id. at 759. In our view the Maryland Constitution requires the same result.
 III Conclusion
For the reasons stated above, it is our opinion that a commission should not be issued to a successful candidate who indisputably lacks a continuing qualification for Orphans' Court judge in Baltimore City.
Douglas F. Gansler Attorney General
Robert N. McDonald Chief Counsel
Opinions and Advice
[1] We thus agree with the conclusion previously reached by Assistant Attorney General David K. Hayes on this question.See Letter of Assistant Attorney General David K. Hayes to Judge Joyce M. Baylor-Thompson (July 8, 2010).
[2] In Montgomery and Harford counties, the circuit court performs the functions of an Orphans' Court. Maryland Constitution, Article IV, § 20(b).
[3] We understand that Ms. Baker has not contended that she is a member of the Maryland bar. In any event, her lack of bar membership is readily determinable from the Court of Appeals website.See http://mdcourts.gov/cpf/attylist.html
(last visited on December 10, 2010).
[4] In Kimble, the Court held that, until the individual was found to be ineligible, his official acts would remain be valid under the "de facto officer" doctrine. 173 Md. at 622-23.
[5] The Constitution uses a variety of phrasings to describe the qualifications for various constitutional offices. Some constitutional provisions speak directly in terms of eligibility.See Article II, § 5 ("A person to be eligible for the office [of Governor or Lieutenant Governor]. . ."), Article III, § 9 ("A person is eligible to serve [as a legislator]. . ."), Article V, § 10 ("No person shall be eligible to [be State's Attorney]. . ."). Other provisions simply state qualifications as mandates. See
Article IV, § 2 ("The Judges of all of the said Courts shall be . . ."). The specification of qualifications for sheriff is phrased in language somewhat similar to that for Orphans' Court judges: "There shall be elected in each county . . . one person, resident in said county. . ., above the age of twenty-five years, and for at least five years preceding his election a citizen of the State . . ." Article IV, § 44.
 *Page 3